**LAW OFFICES OF JERRY L. STEERING**
Jerry L. Steering (SBN 122509)
Brenton Aitken Hands (SBN 308601)
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerry@steeringlaw.com ; jerrysteering@yahoo.com
brentonaitken@gmail.com

Attorneys for plaintiff Ryan Kenneth Chapell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN KENNETH CHAPELL, individually and on behalf of ANOMA.LA, LLC. <br><br>     Plaintiff, <br><br>     vs. <br><br> COUNTY OF LOS ANGELES, ADAM ASSAD IZA (aka NEE AHMED FAIQ), ERIC CHASE SAAVEDRA, CHRISTOPHER MICHAEL CADMAN, QUINTON MCGEE, ANTHONY RIVERA, DAVID ANTHONY RODRIGUEZ, RICHARD RAYMOND DUDGEON, DEAN BRYAN RAWLINGS, CHRISTOPHER QUINTENERO, MICHAEL COBERG, IRIS RABAYA AU, MIGUELINA GARCIA, ZORT INC., DREAM AGENCY INC., RISE AGENCY INC., ATLAS MARKETING AGENCY INC., | Case No.: <br><br> COMPLAINT FOR FEDERAL CLAIMS FOR VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS VIA 42 U.S.C. § 1983 (U.S. CONST. AMENDS. IV & XIV); VIOLATION OF 18 U.S.C. § 1962 ("R.I.C.O. ACT"); VIOLATIONS OF 18 U.S.C. § 1030 ("COMPUTER FRAUD & ABUSE ACT") and CALIFORNIA STATE LAW CLAIMS FOR VIOLATIONS OF CAL. CIVIL CODE § 52.1 ("BANE ACT"), VIOLATIONS OF CAL. PENAL CODE § 502 (UNAUTHORIZED COMPUTER ACCESS); VIOLATION OF CAL. PEN. CODE § 496 (RECEIVING STOLEN PROPERTY), FALSE ARREST, ASSAULT, BATTERY, TRESPASS TO PROPERTY, TRESPASS TO CHATTELS, CONVERSION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

COMPLAINT FOR DAMAGES

1

SAAVEDRA & ASSOCIATES LLC
and DOES 1 through 25, inclusive,

    Defendants.

**COMES NOW** plaintiff Ryan Kenneth Chapell and shows this honorable

court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As claims in this action are brought under 42 U.S.C. § 1983, 18

U.S.C. § 1962, and 18 U.S.C. § 1030(a)(4), this court has jurisdiction pursuant to

18 U.S.C. § 1964(a), 18 U.S.C. § 1030(g), and otherwise pursuant to this Court's

federal question jurisdiction under 28 U.S.C. § 1331.

2.     As plaintiff's claims brought under California state law arise out of

the same transactions and occurrences and out of a common nucleus of operative

facts as the plaintiff's federal question claims, this court has jurisdiction over the

plaintiff's California state law claims under its Supplemental Jurisdiction pursuant

to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America*

*v. Gibbs*, 383 U.S. 715 (1966).

3.     As the incidents complained of in this action occurred in the County

of Los Angeles, State of California, within the territorial jurisdiction of this court,

venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

4.     Regarding plaintiff's claims arising from the events of October 12,

COMPLAINT FOR DAMAGES
2

2021 described below ("THE OCTOBER 12, 2021 INCIDENT"), plaintiff was unaware of the facts establishing these claims until the unsealing of *United States of America v. Adam Iza*, C.D. Cal. Case No. 2-24-cr-00630-PA on September 24, 2024. Plaintiff could not have discovered those material facts with a reasonable and diligent investigation because they were contained in a sealed search warrant affidavit that defendants intentionally obscured from plaintiff.

5.      Moreover, plaintiff had no reason to suspect the material facts underlying his causes of action from THE OCTOBER 12, 2021 INCIDENT because defendants never informed plaintiff of the warrant's existence or of the material contents of the Statement of Probable Cause for the issuance of that search warrant.

6.      Accordingly, the statute of limitations for these causes of action for THE OCTOBER 12, 2021 INCIDENT was tolled until plaintiff discovered the facts establishing his causes of action for THE OCTOBER 12, 2021 INCIDENT on September 24, 2024; when the contents of the Statement of Probable Cause for the search warrant involved in THE OCTOBER 12, 2021 INCIDENT were made known to the public and to plaintiff on September 24, 2024.

7.      Regarding plaintiff's claims arising from the events of September 27, 2021 described below ("THE SEPTEMBER 27, 2021 INCIDENT"), plaintiff was

COMPLAINT FOR DAMAGES

3

unaware of the facts establishing these claims as to defendant GARCIA until the unsealing of *United States of America v. Adam Iza*, C.D. Cal. Case No. 2-24-cr-00630-PA on September 24, 2024, and plaintiff could not have discovered those facts with a reasonable and diligent investigation because evidence of GARCIA's involvement was exclusively in defendants' hands, beyond the reach of plaintiff's inquiry. Moreover, plaintiff had no reason to suspect the material facts underlying his causes of action for THE SEPTEMBER 27, 2021 INCIDENT as to defendant GARCIA.

8.      Accordingly, the statute of limitations for these causes of action for THE SEPTEMBER 27, 2021 INCIDENT was tolled until plaintiff discovered the facts establishing his causes of action on September 24, 2024.

9.      After the unsealing of *United States of America v. Adam Iza*, C.D. Cal. Case No. 2:24-cr-00630-PA on September 24, 2024, when plaintiff CHAPELL learned that defendant ADAM IZA had been charged with various federal crimes including crimes alleging that plaintiff was the victim complained of in that case, plaintiff filed his California Government Claims for Damages with the County of Los Angeles pursuant to the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 900 et seq. on March 24, 2025.

10.      Plaintiff's Government Claims for Damages was denied on April 18,

COMPLAINT FOR DAMAGES
4

2025 by defendant COUNTY of Los Angeles.

11.     As to defendant Adam Iza, in addition to the allegations regarding the tolling of the statute of limitations due to the delayed discovery regarding THE SEPTEMBER 27, 2021 INCIDENT and THE OCTOBER 12, 2021 INCIDENT similarly apply to all claims in this action against him.

12.     In addition, for all of the claims in this action all of the claims in this action against defendant Adam Iza all statutes of limitation were tolled pursuant to Cal. Code Civ. Proc. § 351, as he was physically absent from the State of California between March 28, 2023 and July 3, 2024.

13.     Moreover, the relevant statutes of limitation as to all claims were otherwise equitably tolled during period after which plaintiff began assisting the Los Angeles Police Department and the United States government as a witness against the defendants to this action.

14.     Plaintiff timely reported the unlawful actions of defendants to several investigative authorities, to wit, the Los Angeles Police Department ("LAPD") and the Federal Bureau of Investigations ("FBI"), and in good faith assisted those investigative agencies by providing them evidence of Defendants' unlawful activities.

15.     Plaintiff was advised by agents of the federal government, including

the United States Attorney's Office and the FBI who were leading/conducting the criminal investigations of the defendants to this action, that he should not commence a civil action against the defendants to this action and against others during the pendency of the criminal investigations by those law enforcement agencies because it would jeopardize their criminal investigations.

16.    In compliance with the LAPD's and FBI's request to plaintiff to delay filing his civil action(s) against the defendants to this action[1] until the defendants to these actions[2] had been Indicted[3] and until criminal charges were filed against said defendants[4].

17.    As a result of plaintiff's assistance to and compliance with the LAPD's and FBI's request to plaintiff to delay filing his civil action(s) against the defendants to this action[5] until the defendants to these actions[6] had been Indicted[7] and until criminal charges were filed against said defendants[8], several of the defendants to this action were charged and convicted.

───────────────────

[1] And others.
[2] And others.
[3] And until those Indictments had been made public.
[4] And others.
[5] And others.
[6] And others.
[7] And until those Indictments had been made public.
[8] And others.

COMPLAINT FOR DAMAGES
6

## THE PARTIES

18.     Plaintiff Ryan Kenneth Chapell, hereinafter referred to as "Plaintiff CHAPELL" and/or "Plaintiff," and/or "Mr. CHAPELL" and/or "CHAPELL" is a natural, individual person, who, at all times complained of in this action, resided in the State of California, in the County of Los Angeles.

19.     Moreover, at the time of the events described below, Plaintiff CHAPELL was working as an event planner, and operated an event planning business called ANOMA.LA, LLC; a Limited Liability Company.

20.     Defendant County of Los Angeles ("COUNTY") is a political subdivision of the state of California located within the State of California and within the territorial jurisdiction of this court.

21.     At all times, defendant COUNTY was vicariously liable pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of its employees within the scope of their employment with defendant COUNTY[9].

22.     Defendant Adam Assad Iza[10], also referred to in this action as

_____

[9] Save Plaintiff's claims made against defendant under 42 U.S.C. § 1983, and under 42 U.S.C. § 1983 defendant County of Los Angeles is liable to Plaintiff Chapell pursuant to its policies and/or longstanding customs and practices that proximately caused the federal constitutional violations complained of in this action.
[10] Formerly and also known as Ahmed Faiq.

COMPLAINT FOR DAMAGES

7

Defendant IZA" and/or "IZA" formerly and also known as AHMED FAIQ ("Defendant IZA") is a natural, individual person, who, at all times complained of in this action, resided in the State of California, in the County of Los Angeles and/or in the County of Orange, and otherwise within the territorial jurisdiction of this Honorable Court.

23.    Defendant IZA owned and/or beneficially owned and/or controlled several business entities, individually and/or jointly with Defendant AU, including, but not limited to Defendants ZORT, INC., DREAM AGENCY, INC., RISE AGENCY, INC. and ATLAS MARKETING AGENCY, INC.

24.    Defendant Eric Chase Saavedra, hereinafter referred to as "Defendant SAAVEDRA" and/or "SAAVEDRA" was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff in the Los Angeles County Sheriff's Department ("LASD"), and Detective assigned to LASD's Operation Safe Streets Bureau.

25.    Defendant SAAVEDRA also served as a federal task force officer assigned to the U.S. Marshals Service's Pacific Southwest Regional Fugitive Task Force.

26.    At all times complained of herein, Defendant SAAVEDRA was a full-time sworn Certified Peace Officer acting as an individual person under the

COMPLAINT FOR DAMAGES

8

color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

27.    At all times described herein, Defendant SAAVEDRA owned, beneficially owned, and/or operated a company called SAAVEDRA & ASSOCIATES LLC, that purportedly provided private security services and often employed active Los Angeles County Sheriff's Department ("hereinafter also referred to as the "LASD") deputy sheriff and other law enforcement agencies law enforcement officers, including, but not limited to Defendants Christopher Michael Cadman, Quinton McGEE, Anthony Rivera, David Anthony Rodriguez, Richard Raymond Dudgeon, Dean Bryan Rawlings, Christopher Quintenero and Michael Coberg.

28.    Defendant Christopher Michael Cadman (hereinafter referred to as "Defendant CADMAN" or "CADMAN") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

29.    At all times complained of herein, Defendant CADMAN was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

COMPLAINT FOR DAMAGES

9

30.     At all times described herein, Defendant CADMAN was also an agent and employee of defendant SAAVEDRA & ASSOCIATES LLC.

31.     Defendant Quinton McGEE (herein after referred to as "Defendant McGEE" or "McGEE") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

32.     At all times complained of herein, Defendant McGEE was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

33.     At all times described herein, Defendant McGEE was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

34.     Defendant Anthony Rivera (hereinafter referred to as "Defendant RIVERA" or "RIVERA") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

35.     At all times complained of herein, Defendant RIVERA was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

36.    At all times described herein, Defendant RIVERA was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

37.    Defendant David Anthony Rodriguez (hereinafter referred to as "Defendant RODRIGUEZ" or "RODRIGUEZ") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

38.    At all times complained of herein, Defendant RODRIGUEZ was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

39.    At all times described herein, Defendant RODRIGUEZ was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

40.    Defendant Richard Raymond Dudgeon (hereinafter referred to as "Defendant DUDGEON" or "DUNGEON") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

41.    At all times complained of herein, Defendant DUDGEON was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with

COMPLAINT FOR DAMAGES
11

Defendant COUNTY.

42.    At all times described herein, Defendant DUDGEON was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

43.    Defendant Dean Bryan Rawlings (hereinafter referred to as "Defendant RAWLINGS" or "RAWLINGS") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

44.    At all times complained of herein, Defendant RAWLINGS was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

45.    At all times described herein, Defendant RAWLINGS was also an agent or employee of SAAVEDRA & ASSOCIATES LLC. Defendant SAAVEDRA & ASSOCIATES LLC is a California Limited Liability Company, with its Principal place of business in Chino, California.

46.    Defendant Christopher Quintenero (hereinafter referred to as "Defendant QUINTENERO" or "QUINTENERO") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

47.    At all times complained of herein, Defendant QUINTENERO was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

48.    At all times described herein, Defendant QUINTENERO was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

49.    Defendant Michael Coberg (hereinafter referred to as "Defendant COBERG" or "COBERG") was at all times complained of herein a natural, individual person employed with Defendant COUNTY as a Deputy Sheriff with the LASD.

50.    At all times complained of herein, Defendant COBERG was a full-time sworn Certified Peace Officer acting under color of state law, in his individual capacity, and within the course and scope of his employment with Defendant COUNTY.

51.    At all times described herein, Defendant COBERG was also an agent or employee of SAAVEDRA & ASSOCIATES LLC.

52.    Defendant Iris Rabaya Au (hereinafter referred to as "Defendant AU" or "AU") is a natural, individual person who, at all times described below, resided in the state of California, in the County of Los Angeles and/or in the County of

COMPLAINT FOR DAMAGES
13

Orange, and otherwise within the territorial jurisdiction of this Court.

53.    Defendant AU owned, beneficially owned, and/or controlled several and/or otherwise had a financial interest in business entities jointly with defendant IZA, including, but not limited to Defendants ZORT, INC., DREAM AGNCY, INC., RISE AGENCY, INC., and ATLAS MARKETING AGENCY, INC.

54.    At all times complained of herein, Defendant AU was acting under the color of state law as she, along with Defendant IZA, was acting in conspiratorial action and/or concerted action and/or joint action with defendants SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG to violate and to deprive plaintiff CHAPELL of his federal constitutional rights.

55.    Defendant MIGUELINA GARCIA (hereinafter referred to as "Defendant GARCIA" and/or "GARCIA") is a natural, individual person who, at all times described below, resided in the state of California, in the County of Los Angeles, and otherwise within the territorial jurisdiction of this Court.

56.    At all times complained of herein, Defendant GARCIA was acting under the color of state law as she, along with Defendant IZA, was acting in conspiratorial action and/or concerted action and/or joint action with defendants

COMPLAINT FOR DAMAGES
14

SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG to violate and to deprive plaintiff CHAPELL of his federal constitutional rights.

57.    At all times complained of herein, Defendant GARCIA was acting under the color of state law as she, along with Defendant IZA, was acting in conspiratorial action and/or concerted action and/or joint action with defendants SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG to violate and to deprive plaintiff CHAPELL of his federal constitutional rights.

58.    Defendant ZORT, INC. (hereinafter referred to as "ZORT") is a business entity owned by Defendant IZA and incorporated by Defendant IZA on or about January 30, 2020, in the State of Delaware.

59.    ZORT purportedly offered an artificial intelligence-based cryptocurrency trading platform.

60.    At all times described herein, ZORT was conducting its business in the State of California.

61.    At all times described herein, ZORT was owned, beneficially owned,

COMPLAINT FOR DAMAGES

15

and/or controlled by Defendants IZA and AU.

62.    Defendants IZA and AU used ZORT as a shell company to, *inter alia*, conceal fraudulent dealings, launder money, commit many of the crimes against various persons as complained of below, and to shield themselves from criminal and civil liability.

63.    Defendant DREAM AGENCY, INC. (hereinafter referred to as "DREAM") is a business entity incorporated by Defendant AU on or about February 8, 2021, in the State of California.

64.    DREAM was purportedly a social media company.

65.    At all times described herein, DREAM was conducting its business in the State of California.

66.    At all times described herein, DREAM was owned, beneficially owned, and/or controlled by Defendants IZA and AU.

67.    Defendants IZA and AU used DREAM as a shell company to, *inter alia*, conceal fraudulent dealings, launder money, commit many of the crimes against various persons as complained of below, and shield themselves from criminal and civil liability.

68.    Defendant RISE AGENCY, INC. (hereinafter referred to as "RISE") is a business entity incorporated by Defendant AU on or about April 8, 2022, in

COMPLAINT FOR DAMAGES

16

the State of California.

69.    RISE was purportedly an e-commerce company.

70.    At all times described herein, RISE was conducting its business in the State of California.

71.    At all times described herein, RISE was owned, beneficially owned, and/or controlled by Defendants IZA and AU.

72.    Defendants IZA and AU used RISE as a shell company to, *inter alia*, conceal fraudulent dealings, launder money, commit many of the crimes against various persons as complained of below, and shield themselves from criminal and civil liability.

73.    Defendant ATLAS MARKETING AGENCY, INC. (hereinafter referred to as "ATLAS") is a business entity incorporated in the State of California and conducting its business in the State of California.

74.    At all times described herein, ATLAS was owned, beneficially owned, and/or controlled by Defendants IZA and AU.

75.    Defendants IZA and AU used ATLAS as a shell company to, inter alia, conceal fraudulent dealings, launder money, commit many of the crimes against various persons as complained of below, and to shield themselves from criminal and civil liability.

COMPLAINT FOR DAMAGES
17

76.     Defendant SAAVEDRA & ASSOCIATES LLC is a business entity incorporated in the State of California and conducted its business in the State of California.

77.     SAAVEDRA & ASSOCIATES LLC purportedly provided private security services and often employed active LASD deputies and law enforcement officers from other law enforcement agencies, including, but not limited to Defendants CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO and COBERG.

78.     At all times described herein, SAAVEDRA & ASSOCIATES LLC was owned, beneficially owned, and/or controlled by Defendant Eric SAAVEDRA.

79.     Defendants DOES 1 through 15, inclusive, are sworn peace officers, including but not limited to deputy sheriffs, investigators, detectives, and/or special agents/officers, police officers and other public officers employed by Defendant COUNTY of Los Angeles with the LASD[11] who in some way proximately caused Plaintiff's injuries in this action, and whose identities are

---

[11] And/or with some other public entity and/or with some other law enforcement police department/sheriff's department.

COMPLAINT FOR DAMAGES

18

presently unknown to Plaintiff.

80.    At all times complained of herein, Defendants DOES 1 through 15, inclusive, were acting as individual persons, under the color of state law, pursuant to their authority as employees/agents of COUNTY of Los Angeles[12], and were acting in the course of and within the scope of their employment with COUNTY[13].

81.    Defendants DOES 16 through 20, inclusive, are private individuals who aided and abetted, or acted in joint and/or concerted and/or in conspiratorial actions with Defendant Adam IZA and/or with Defendants AU, and with Defendants SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG and/or ZORT and/or RISE and/or DREAM, ATLAS and/or SAAVEDRA & ASSOCIATES LLC, for the purpose of causing Plaintiff CHAPELL's injuries in this action, including the violation and deprivation of Defendant CHAPPEL's federal statutory and constitutional rights and his rights under California state law, whose identities are presently unknown

---

[12] And/or with some other public entity and/or with some other law enforcement police department/sheriff's department.
[13] And/or with some other public entity and/or with some other law enforcement police department/sheriff's department.

COMPLAINT FOR DAMAGES

to Plaintiff, who will amend his complaint in this action to show the true identities of Defendants DOES 1 through 20, inclusive when Plaintiff CHAPPEL becomes aware of said DOE defendants' identities.

82.    Defendants DOES 21 through 25, inclusive, are business entities, including Limited Liability Companies ("LLCs"), S-Corporations, C-Corporations, partnerships, or sole proprietorships, that are owned, beneficially owned, or controlled by Defendants IZA and/or AU and/or SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ  and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG and/or ZORT and/or RISE and/or DREAM and/or ATLAS and/or SAAVEDRA & ASSOCIATES LLC, who operated in some way to finance or facilitate Plaintiff CHAPELL's injuries[14] in this action, and whose identities are presently unknown to Plaintiff.

83.    At all times complained of herein DOES 1 through 25, inclusive, acted pursuant to a conspiracy, agreement, understanding, common plan and/or scheme for the purpose of causing Plaintiff CHAPELL's injuries[15] in this action,

---

[14] And his Company, ANOMA.LA, LLC's injuries.
[15] And his Company, ANOMA.LA, LLC's injuries.

COMPLAINT FOR DAMAGES

20

and acted in joint, concerted and conspiratorial actions with Defendant Adam IZA and/or with Defendants AU, and with Defendants SAAVEDRA and/or CADMAN and/or McGEE and/or RIVERA and/or RODRIGUEZ and/or DUDGEON and/or RAWLINGS and/or QUINTENERO and/or COBERG and/or ZORT and/or RISE and/or DREAM, ATLAS and/or SAAVEDRA & ASSOCIATES LLC, for the purpose of causing Plaintiff CHAPELL's injuries in this action, including the violation and deprivation of Defendant CHAPPEL's federal statutory and constitutional rights and his rights under California state law, whose identities are presently unknown to Plaintiff.

84.    Plaintiff CHAPELL is presently unaware of the identities of DOES 1 through 25, inclusive, and will amend his Complaint for Damages to show the true names of said DOE defendants once Plaintiff becomes aware of said identities.

85.    Moreover, as sworn peace officers employed by Defendant COUNTY with LASD[16], Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive, were subject to an oath of duty and rules of

---

[16] And/or with some other public entity and/or with some other law enforcement police department/sheriff's department.

conduct.

86.     This oath of office by California peace officers, those LASD's rules[17] and California state criminal statutes prohibited LASD[18] personnel from using their law enforcement/peace officer status and related LASD[19] facilities, databases and equipment for personal use or for non-legitimate law enforcement purposes, and especially not for any criminal purposes.

87.     By virtue of their positions as California Certified Police Officers, employed by the LASD[20], Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive, had access to sensitive law enforcement databases and other confidential databases from which they could obtain personally identifiable information ("PII"), Criminal Information History ("CII"), "CLETS"[21] information and other non-public and confidential information regarding individuals, including addresses, registered vehicles, law enforcement investigations, police reports, forensic information and criminal detentions, arrests

---

[17] And some other police agency's rules.
[18] And personnel from some other police agency.
[19] And some other police agency.
[20] And/or some other police agency.
[21] California Law Enforcement Telecommunications System.

COMPLAINT FOR DAMAGES
22

and convictions.

88.    Pursuant to LASD policy, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, inclusive, were only supposed to use these law enforcement databases for official law enforcement purposes, and not for private businesses, private ventures and other non-official uses; especially not for use engaging in criminal conduct and criminal enterprises.

## FACTUAL BACKGROUND

89.    Plaintiff hereby realleges and incorporates by the allegations set forth in paragraphs 1 through 88, inclusive, above as though set forth in full herein.

90.    The timeline of events described below is chronological unless otherwise specified.

## I.    BACKGROUND: ADAM IZA BECOMES "THE GODFATHER."

91.    Defendant ADAM IZA, formerly and also known as AHMED ASSAD FAIQ, is a lifelong criminal who aspired to be a quasi-Mafioso figure in the mold of Tony Montana from the movie Scarface.

92.    From 2019 until approximately 2023, Defendant IZA was in a romantic relationship with Defendant IRIS AU ("AU").

93.    The couple bonded over, *inter alia*, making money by any means

COMPLAINT FOR DAMAGES
23

necessary without doing or creating anything of value. e.g., fraud, theft, extortion and various other criminal schemes and artifices.

94.     Beginning in 2020, Defendants IZA, AU, and several criminal co-conspirators devised a scheme to defraud Meta Platforms, Inc. ("Meta") and its Facebook advertising clients by selling access to compromised (hacked) business manager accounts and associated lines of credit.

95.     As a result, Meta billed the owners of these accounts for advertising services they never received.

96.     When Meta or its clients discovered the fraud, Meta refunded the money to its clients, thereby causing Meta to bear the brunt of the financial loss.

97.     IZA, AU and their criminal co-conspirators defrauded Meta in this manner from December 2020 through September 2024.

98.     Defendants IZA and AU devised a plan whereby they would open a series of shell companies to conceal fraudulent dealings, launder money, shield themselves from criminal and civil liability, and otherwise conduct all manners and sorts of sordid transactions.

99.     Those shell companies would come to include ZORT INC., DREAM AGENCY INC., RISE AGENCY INC., and ATLAS MARKETING AGENCY INC.; all owned, managed and run by Defendants IZA and AU.

COMPLAINT FOR DAMAGES
24

100.    On January 30, 2020 Defendant IZA incorporated ZORT in the State of Delaware. Defendants IZA and AU jointly opened one or more bank accounts for ZORT.

101.    At Defendant IZA's direction, Defendant AU created and became the sole director and sole officer of various nominee entities, and also opened bank accounts and engaged in financial transactions for those nominee entities. Those nominee entities included DREAM, RISE, and ATLAS.

102.    On February 8, 2021, Defendant AU incorporated DREAM in the State of California. Defendant AU opened one or more bank accounts for DREAM.

103.    On April 8, 2022, Defendant AU incorporated RISE in the State of California. Defendant AU opened one or more bank accounts for RISE.

104.    On April 8, 2022, Defendant AU directed her personal assistant to incorporate ATLAS in the state of California. Defendant AU and her assistant jointly opened a bank account for ATLAS.

105.    From 2020 through 2023, pursuant to their scheme to defraud Meta and its advertising clients, Defendants IZA and AU stole approximately $37,000,000.00 from Meta, which they funneled into ZORT, DREAM, RISE and ATLAS bank accounts.

COMPLAINT FOR DAMAGES
25

106.    Using ZORT, DREAM, RISE and ATLAS as a front for their illicit activities, Defendants IZA and AU held themselves out as cryptocurrency millionaires and began acting in an increasingly immodest manner.

107.    Defendant IZA styled himself in the image of a Mafia boss, even bestowing upon himself the title of "The Godfather."

108.    Defendants IZA and AU, by and through ZORT, DREAM, RISE, and ATLAS, spent their stolen money lavishly from their fraudulently obtained funds on personal expenses for their own benefit, including luxury vehicles and a mansion in the Bel Air neighborhood of Los Angeles.

109.    Defendant IZA, who is of diminutive height, even paid a surgeon to break his legs and make him a few inches taller.

110.    In 2021, Defendant IZA came into contact with Defendant ERIC CHASE SAAVEDRA ("SAAVEDRA"), a Deputy Sheriff employed by the LASD, who purportedly offered private security services through his company, Defendant SAAVEDRA & ASSOCIATES LLC.

111.    Defendant SAAVEDRA, by and through SAAVEDRA & ASSOCIATES, often employed active LASD deputy sheriffs to work for SAAVEDRA & ASSOCIATES.

112.    Defendant IZA met with Defendant SAAVEDRA, and Defendant

IZA agreed to pay SAAVEDRA, through SAAVEDRA & ASSOCIATES LLC, for private "security-related" services, which included, but were not limited to 24-hour per day armed bodyguards, unlimited access to LASD non-public confidential official LASD resources, and assistance with stalking, targeted harassment, kidnapping, extortion, and robbery of Defendant IZA's personal enemies.

113.    In effect, Defendant IZA was paying for the Los Angeles Sheriff's Department ("LASD") to act as his private criminal enterprise enforcers.

114.    Defendant SAAVEDRA recruited approximately 20 to 25 LASD deputy sheriffs, as well as at least one former LASD deputy and a sibling of a LASD deputy sheriff, to join SAAVEDRA & ASSOCIATES LLC and perform "security-related services" for Defendant IZA.

115.    The LASD Deputy Sheriffs that Defendant SAAVEDRA recruited included Defendants CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15.

116.    When Defendant SAAVEDRA and Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 worked shifts for Defendant IZA, they typically did so carrying firearms, official LASD badges, and other LASD-issued tools /

COMPLAINT FOR DAMAGES
27

implements.

117.    Defendants IZA and AU paid Defendant SAAVEDRA through SAAVEDRA & ASSOCIATES LLC, approximately $100,000 per month for security-related services.

118.    Defendants IZA and AU paid Defendant SAAVEDRA using a combination of wire transfers and cash payments from bank accounts associated with Defendants IZA and AU, including bank accounts for Defendants ZORT INC., DREAM AGENCY INC. and RISE AGENCY INC.

119.    Defendant SAAVEDRA in turn, through Defendant SAAVEDRA & ASSOCIATES LLC, paid Defendants CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 approximately $750.00 for each shift they worked in service of Defendant IZA.

120.    Defendant SAAVEDRA typically paid Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, inclusive, in cash, although he occasionally made wire transfers to them.

121.    Defendants SAAVEDRA and SAAVEDRA & ASSOCIATES LLC provided security-related services for Defendant IZA from 2021 until

COMPLAINT FOR DAMAGES
28

approximately March of 2022, when IZA left the United States for Dubai.

122.    Defendants SAAVEDRA and SAAVEDRA & ASSOCIATES LLC resumed providing security-related services for Defendant IZA when IZA returned to the Los Angeles area in or around July of 2024.

123.    These services continued until Defendant IZA's arrest by federal agents in or around September of 2024.

124.    During the time Defendants SAAVEDRA and SAAVEDRA & ASSOCIATES LLC worked for Defendant IZA, Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 communicated with one another using the encrypted messaging application Telegram.

125.    They did so, among other reasons, to shield their communications from law enforcement[22] or discovery in legal proceedings.

126.    At all times, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 knew and understood that the Constitution and laws of the United States protect the right to be free from unreasonable searches and

_____

[22] Law enforcement that wasn't on their payroll.

COMPLAINT FOR DAMAGES

seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

127.    Beginning in or around Fall 2021, Defendant SAAVEDRA regularly used his LASD credentials to access sensitive, nonpublic law enforcement databases and confidential databases to obtain PII[23] for Defendant IZA.

128.    This included PII regarding people with whom Defendant IZA had personal and/or business disputes, their associates, and their family members. Defendant SAAVEDRA would share this PII with Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 in order to accomplish the goals of Defendant IZA.

129.    Defendant SAAVEDRA sometimes tasked LASD deputies working for SAAVEDRA & ASSOCIATES LLC, including Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, to secure PII for Defendant IZA.

130.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES

_____

[23] Personal Identifying Information.

COMPLAINT FOR DAMAGES

30

1 through 15 knew that they were not authorized under LASD rules to access or use such PII for non-law enforcement matters or to share it with private clients.

131.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15 provided PII to Defendant IZA, they understood that Defendant IZA could and would use the PII to, among other things, stalk, harass, intimidate, threaten, extort, rob, or potentially murder Defendant IZA's personal enemies and victims.

## II.    THE AUGUST 16, 2021 INCIDENT: ADAM IZA AND DEFENDANTS CONSPIRE TO ROB AND EXTORT RYAN CHAPELL.

132.    On or about August 3, 2021, Plaintiff CHAPELL received an email from Defendant ZORT asking for his assistance with planning and organizing a large party for Defendant IZA's 21st birthday.

133.    Plaintiff CHAPELL agreed to plan and organize the party for IZA and ZORT.

134.    For his services planning the party and the associated costs, Defendant IZA paid Plaintiff CHAPELL approximately $50,000 a few days before the event.

135.    Plaintiff CHAPELL's total net profit for the event was approximately

COMPLAINT FOR DAMAGES
31

$5,000 after incurring roughly $45,000 in expenses.

136.    Plaintiff CHAPELL coordinated the details of the party via text with a person using the name "Lewis," who purported to be Defendant IZA's aide.

137.    "Lewis" was actually either IZA himself, or Defendant AU, and/or one of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 20.

138.    The party took place on August 14, 2021 at Defendant IZA's residence in the Bel Air area of Los Angeles, California.

139.    Defendant IZA told Plaintiff CHAPELL that he was dissatisfied with the August 14, 2021 party that Plaintiff CHAPELL had organized for Defendants IZA and ZORT.

140.    Defendant IZA contacted Plaintiff CHAPELL and requested that he meet with him at IZA's Bel Air residence in Los Angeles.

141.    For purposes of this pleading, the events described in the remainder of this subsection may be referred to as "THE AUGUST 16, 2021 INCIDENT".

142.    On August 16, 2021, Plaintiff CHAPELL arrived at IZA's Bel Air residence in Los Angeles.

143.    Upon arriving at Defendant IZA's residence on August 16, 2021,

Defendant IZA introduced Plaintiff CHAPELL to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, all of whom had been hired by Defendant IZA, through their employment with Defendants SAAVEDRA and SAAVEDRA & ASSOCIATES LLC, to act as Defendant IZA's private bodyguards/security detail.

144.    Moreover, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 encountered Plaintiff CHAPELL at Defendant IZA's residence on August 16, 2021, they were all active, sworn peace officers/deputy sheriffs employed by the LASD.

145.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 escorted Plaintiff CHAPELL to Defendant IZA's office.

146.    When Plaintiff CHAPELL entered Defendant IZA's office, IZA was sitting at his desk loading bullets into a firearm magazine.

147.    Plaintiff CHAPELL observed a black handgun on IZA's desk, as well as an AR-15 rifle propped against the side of the desk.

148.    At that time, Plaintiff CHAPELL observed that Defendants

COMPLAINT FOR DAMAGES
33

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were all armed with handguns.

149.    Those LASD Defendants present were wearing what appeared to be official LASD deputy sheriff badges on their belts.

150.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 had positioned themselves around the room such that Plaintiff CHAPELL was surrounded.

151.    Defendant IZA told Plaintiff CHAPELL that he was displeased with the party and that Plaintiff CHAPELL owed him a reimbursement of half the cost.

152.    Plaintiff CHAPELL refused to surrender his money to Defendant IZA.

153.    Defendant IZA demanded Plaintiff CHAPELL's phone, but Plaintiff CHAPELL refused.

154.    Plaintiff CHAPELL attempted to reach for his own pocket.

155.    At that time, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 all drew their firearms and aimed them at Plaintiff

COMPLAINT FOR DAMAGES
34

CHAPELL.

156.    Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 continued to point their firearms at Plaintiff CHAPELL for the remainder of this incident.

157.    After Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 pointed their firearms at Plaintiff CHAPELL, he handed his phone to one of the LASD Defendants pursuant to IZA's demand for his cellphone, said demand being reinforced by said LASD defendants pointing their guns at Plaintiff CHAPELL.

158.    Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 attempted to use Plaintiff CHAPELL's face, via a facial recognition feature, to unlock Plaintiff CHAPELL's phone. The attempt was unsuccessful.

159.    After unsuccessfully attempting to unlock Plaintiff CHAPELL's phone using facial recognition, Defendant IZA demanded that Plaintiff CHAPELL provide his password.

COMPLAINT FOR DAMAGES
35

160. Plaintiff CHAPELL provided his password to IZA due to guns being pointed at him by Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15.

161. Using Plaintiff CHAPELL's password, Defendant IZA unlocked Plaintiff CHAPELL's phone and accessed Plaintiff CHAPELL's business bank account for Anoma.la LLC.

162. Defendant IZA then transferred $25,000.00 from Plaintiff CHAPELL's business bank account back to IZA's account for ZORT.

163. After Defendant IZA transferred $25,000.00 from Plaintiff CHAPELL's business bank account to his own, IZA photographed Plaintiff CHAPELL's driver's license, passport, and credit cards.

164. Again, IZA was able to do so because of the threat of being shot by IZA and/or Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15.

165. Defendant IZA kept possession of Plaintiff CHAPELL's cellphone.

166. After Defendant IZA took possession of Plaintiff CHAPELL's cellphone and the $25,000.00 from Plaintiff CHAPELL's business bank account,

COMPLAINT FOR DAMAGES
36

Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 allowed Plaintiff CHAPELL to leave IZA's residence.

167. In the days following THE AUGUST 16, 2021 INCIDENT Plaintiff CHAPELL received numerous threatening and harassing text messages from "Lewis" attempting to, *inter alia*, extort additional funds from Plaintiff CHAPELL. "Lewis"[24] clarified that he was acting on behalf of Defendant IZA.

168. In the days following THE AUGUST 16, 2021 INCIDENT, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 made multiple money transfers amounting to tens of thousands of dollars from Plaintiff CHAPELL's bank accounts using Plaintiff CHAPELL's phone, all of said money transfers made for the benefit of IZA and ZORT[25].

## III.  THE SEPTEMBER 27, 2021 INCIDENT: ADAM IZA AND

---

[24] Who apparently was one of or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15.
[25] And/or IZA and AU, and/or ZORT INC. and/or DREAM AGENCY INC. and/or RISE AGENCY INC. and/or ATLAS MARKETING AGENCY INC.

COMPLAINT FOR DAMAGES

37

## DEFENDANTS CONSPIRE TO HAVE RYAN CHAPELL FALSELY ARRESTED AND PROSECUTED.

169.   Following THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 created a plan under which the LASD[26] Defendants would unlawfully use their law enforcement positions at LASD[27] and to unlawfully access/use LASD[28] resources[29] to unlawfully/falsely arrest Plaintiff CHAPELL and have him falsely

_____

[26] And other police agencies.
[27] And other police agencies.
[28] And other police agencies.
[29] Such as in violation of Cal. Penal Code § 502(c)(1) and (2) that provides:
(c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense:
(1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.
(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.
(h) (1) Subdivision (c) does not apply to punish any acts which are committed by a person within the scope of lawful employment. For purposes of this section, a person acts within the scope of employment when the person performs acts which are reasonably necessary to the performance of their work assignment.
(2) Paragraph (3) of subdivision (c) does not apply to penalize any acts committed by a person acting outside of their lawful employment, provided that the employee's activities do not cause an injury, to the employer or another, or provided that the value of supplies or computer services which are used does not exceed an accumulated total of two hundred fifty dollars ($250).

COMPLAINT FOR DAMAGES
38

charged with a narcotics offense.

170.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 agreed on the details of this plan and agreed to carry it out.

171.    Around the time of THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL was in a romantic relationship with Defendant MIGUELINA GARCIA.

172.    Through his interactions with Plaintiff CHAPELL Defendant IZA met and became acquainted with Defendant GARCIA.

173.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 recognized that Defendant GARCIA was a woman of low integrity who could be persuaded to betray Plaintiff CHAPELL in exchange for money.

174.    As part of their plan to have Plaintiff CHAPELL unlawfully arrested and charged, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE,

COMPLAINT FOR DAMAGES
39

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 agreed that they would approach Defendant GARCIA and seek her assistance.

175.    Defendant IZA and/or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 contacted Defendant GARCIA and proposed that she would arrange a social meeting with Plaintiff CHAPELL, during which CHAPELL would be arrested by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 at the behest of Defendant IZA.

176.    Defendant GARCIA agreed to assist Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 with their plan to have Plaintiff CHAPELL unlawfully arrested.

177.    Defendant GARCIA understood that according to this proposed plan by Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, Plaintiff CHAPELL would be arrested, but that GARCIA

COMPLAINT FOR DAMAGES
40

would be free to leave.

178. In or around late September of 2021, pursuant to her plan with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, Defendant GARCIA contacted Plaintiff CHAPELL, who was in Florida, and persuaded Plaintiff CHAPELL to return to Los Angeles.

179. Using money provided by Defendant IZA, and pursuant to her plan with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, Defendant GARCIA paid for a flight for Plaintiff CHAPELL to travel from Florida to Los Angeles.

180. On September 26, 2021, Defendant IZA met with Defendant GARCIA and gave her money to purchase illegal narcotics, which she would then plant in her vehicle to frame Plaintiff CHAPELL.

181. Using money provided by Defendant IZA, and pursuant to her plan with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, Defendant GARCIA bought illegal narcotics, which she then intended to plant in her car.

182.   For purposes of this pleading, the events described in the remainder of this subsection may be referred to as the SEPTEMBER 27, 2021 INCIDENT.

183.   On September 27, 2021, after Plaintiff CHAPELL arrived in Los Angeles, Defendant GARCIA arranged to pick up Plaintiff CHAPELL in her vehicle.

184.   Defendant GARCIA suggested to Plaintiff CHAPELL that she would take him to her residence, in the Beverly Hills area of Los Angeles.

185.   Prior to picking up Plaintiff CHAPELL on September 27, 2021, and pursuant to her plan with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, Defendant GARCIA planted illegal drugs in her vehicle.

186.   Defendant GARCIA was in constant contact with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 regarding their plan to have Plaintiff CHAPELL arrested for a narcotics offense, and gave updates via text message to Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 regarding their location.

COMPLAINT FOR DAMAGES
42

187.   Instead of driving Plaintiff CHAPELL to Beverly Hills, Defendant GARCIA drove Plaintiff CHAPELL to the Paramount area of Los Angeles County.

188.   Pursuant to their plan with Defendant IZA to have Plaintiff CHAPELL unlawfully arrested and charged, LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 conducted a traffic stop of Defendant GARCIA's vehicle.

189.   After Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 stopped GARCIA's vehicle, Defendants searched the passenger compartment and found the narcotics contraband that had been planted there by Defendant GARCIA ahead of time.

190.   The narcotics contraband did not belong to Plaintiff CHAPELL, who was completely unaware of its presence in the vehicle.

191.   Pursuant to their plan with Defendants IZA and GARCIA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 then arrested Plaintiff CHAPELL for transportation of controlled substances.

COMPLAINT FOR DAMAGES
43

192.   Pursuant to their plan with Defendants IZA and GARCIA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 did not detain or arrest Defendant GARCIA.

193.   During the arrest, Plaintiff CHAPELL saw Defendant IZA drive up to the scene in a black SUV.

194.   Defendant IZA was sitting in the back seat, with the window open, smoking a cigar. Defendant IZA exchanged a few words with Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, looked at Plaintiff CHAPELL, took pictures, and then drove away.

195.   After Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 arrested Plaintiff CHAPELL, Plaintiff CHAPELL was held in jail for three days at the LASD Lakewood station.

196.   While Plaintiff CHAPELL was in jail at the LASD Lakewood station, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 20 used Plaintiff CHAPELL's cellphone and

COMPLAINT FOR DAMAGES
44

login credentials to access Plaintiff's social media, e-mail, banking, business, and other digital accounts.

197.   As an event planner, Plaintiff CHAPELL's social media presence was an essential component of his business. Plaintiff CHAPELL used his social media accounts as a primary means of interacting with the public and connecting with new customers. To that end, Plaintiff CHAPELL's social media accounts functioned as his résumé in that they contained a record of his professional accomplishments as an event planner.

198.   When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 accessed Plaintiff CHAPELL's social media accounts, Plaintiff had approximately 20,000 followers on Instagram alone, including numerous celebrities and notable figures.

199.   When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 20 accessed Plaintiff CHAPELL's Instagram and Facebook accounts, they made numerous defamatory posts about Plaintiff CHAPELL and his business, including posts calling Plaintiff a drug dealer and telling customers not to do business with him.

COMPLAINT FOR DAMAGES

45

200.   Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 20 then deleted Plaintiff CHAPELL's Instagram and Facebook accounts.

201.   Plaintiff's Facebook account was eventually recovered, but his Instagram account was permanently deleted.

202.   Following their arrest of Plaintiff CHAPELL on September 27, 2021, pursuant to their agreement with Defendant IZA, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 drafted reports and records falsely suggesting that Plaintiff CHAPELL was transporting controlled substances in violation of Cal. Health & Safety Code § 11379.

203.   At all times, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 were aware that such allegations against Plaintiff CHAPELL were entirely fabricated, and that Defendant GARCIA had planted drugs in her vehicle pursuant to her agreement with Defendants IZA and/or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through

15.

204.   On the basis of reports and records created by Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 regarding their September 27, 2021 arrest of Plaintiff CHAPELL, the Los Angeles County District Attorney's Office ("LADA") charged Plaintiff CHAPELL under Cal. Health & Safety Code § 11379 with transportation of controlled substances. Defendant GARCIA was never charged.

205.   In the days following his September 27, 2021 arrest by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 at the behest of Defendant IZA, Plaintiff CHAPELL continued to receive harassing and threatening text messages from "Lewis."

206.   In one such message, "Lewis" sent a photograph of Plaintiff CHAPELL's arrest in progress on September 27, 2021.

207.   This photograph, which appeared to be taken through a car window, depicted Plaintiff CHAPELL in handcuffs and being escorted by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15.

COMPLAINT FOR DAMAGES
47

208.   In another message, "Lewis" sent Plaintiff CHAPELL a picture of his booking photo from the September 27, 2021 arrest. This photograph appeared grainy and with a visible cursor hovering over the image, as if it were a photo of a computer screen. "Lewis" added, "Worthless loser . . . Congrats on the drug felony arrest."

209.   In another message, "Lewis" stated "For a drug dealer, you fucked with the wrong people."

210.   On January 9, 2022, citing a lack of evidence, the LADA dismissed the charges against Plaintiff CHAPELL.

**IV.    THE OCTOBER 12, 2021 INCIDENT: ADAM IZA AND DEFENDANTS CONSPIRE TO FALSELY PROCURE AND EXECUTE A WARRANT TO SEARCH PLAINTIFF CHAPELL'S HOME.**

211.   Following THE SEPTEMBER 27, 2021 INCIDENT, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 created a plan under which LASD Defendants would unlawfully procure a warrant to search Plaintiff CHAPELL's home and potentially cause him to be falsely charged with another crime.

212.   Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,

COBERG, and/or DOES 1 through 15 agreed on the details of this plan and agreed to carry it out.

213.   Pursuant to their plan, in joint and conspiratorial action with Defendant IZA, in October of 2021 Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 drafted a Search Warrant Application and a Statement of Probable Cause in Support of that Search Warrant Application that falsely and maliciously alleged that Plaintiff CHAPELL was in possession of large amounts of fentanyl and cocaine, and that Plaintiff CHAPELL was selling fentanyl and cocaine out of his home at 1327 S. Westgate Ave, # 305, Los Angeles, California.

214.   Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 knew that Plaintiff CHAPELL was not in possession of large amounts of fentanyl and cocaine, and that Plaintiff CHAPELL was not selling fentanyl and cocaine out of his home at 1327 S. Westgate Ave, # 305, Los Angeles, California.

215.   Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or

COMPLAINT FOR DAMAGES
49

DOES 1 through 15 also knew that the facts alleged in the Search Warrant

Affidavit that Plaintiff CHAPELL was in possession of large amount of fentanyl

and cocaine and that he was selling narcotics out of his home, were entirely

baseless, and that they were being fabricated on behalf of Defendant IZA to harm

Plaintiff CHAPELL, to harm his reputation and to harm his business.

216.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 also omitted/deliberately failed to disclose in said Search

Warrant Affidavit: (a) of their existing relationship with Defendants IZA or

SAAVEDRA & ASSOCIATES LLC, that they and SAAVEDRA &

ASSOCIATES LLC were on IZA'a payroll, (b) that they had received payments

from IZA and/or SAAVEDRA & ASSOCIATES LLC to perform crimes on

behalf of IZA, including crimes against Plaintiff CHAPELL, (c) that Defendant

IZA facilitated meetings with their "sources" for the information contained in the

Statement of Probable Cause for the issuance of the Search Warrant, and that IZA

had paid and directed said defendants to falsely procure the issuance of a warrant

for the search of Plaintiff CHAPPEL's home and to physically destroy his home,

(d) that Defendant IZA had a personal bias against and hatred of Defendant

CHAPELL; (e) that Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired with Defendant IZA to, *inter alia*, rob/extort Plaintiff CHAPELL at gunpoint, and that pursuant to that conspiracy with and on behalf of IZA that they did extort and rob Plaintiff CHAPPEL at gunpoint, (f) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 continued to steal tens of thousands of dollars from Plaintiff CHAPELL after their gunpoint robbery of him, (g) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired to falsely arrest Plaintiff CHAPELL for a narcotics possession offense, and, that pursuant to that conspiracy that they did have Plaintiff CHAPELL falsely arrested for narcotics possession, (h) that Defendant IZA, via SAAVEDRA & ASSOCIATES LLC, was paying Defendant SAAVEDRA approximately $100,000 per month, and (i) that SAAVEDRA/SAAVEDRA & ASSOCIATES LLC was paying Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 approximately $750.00 per shift for SAAVEDRA/SAAVEDRA & ASSOCIATES LLC to commit crimes for

COMPLAINT FOR DAMAGES
51

IZA against Plaintiff CHAPELL and against others.

217. With regard to those material false statement of fact and those material omissions of facts in the Statement of Probable Cause for the application for the search warrant for Plaintiff CHAPELL's home, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 knew that the facts alleged in the search affidavit[30] were false and misleading, and knew that the omissions from their the search affidavit[31] would have contradicted the existence of Probable Cause for the issuance of the search warrant for Plaintiff CHAPELL's home had they been included in said search affidavit[32], and but for said false statement of material fact and but for said material omissions of fact that the search warrant for Plaintiff CHAPELL's home not have been issued; would not have been signed by a Judge because there would not have been a sufficient legal basis to do so.

218. Notwithstanding the above and foregoing, pursuant to IZA's directions to said defendants to falsely and maliciously to so obtain a search warrant for Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los

---

[30] In their Statement of Probable Cause for the application for the search warrant.
[31] In their Statement of Probable Cause for the application for the search warrant.
[32] In their Statement of Probable Cause for the application for the search warrant.

COMPLAINT FOR DAMAGES

Angeles, California in early October of 2021 Applied to the Los Angeles County Superior Court for that search warrant to search Plaintiff CHAPELL's home.

219.   That Application for the Search Warrant for Plaintiff CHAPELL's home by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 requested that the Statement of Probable Cause for the issuance of the Search Warrant be sealed, and the Los Angeles County Superior Court Judge who issued the Search Warrant for Plaintiff CHAPELL's home then Sealed the Statement of Probable Cause for the issuance of the Search Warrant.

220.   When Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 applied to the Los Angeles Superior Court to seal the Statement of Probable Cause for the issuance of the Search Warrant, they did so with the intention that its contents would remain hidden from Plaintiff CHAPELL, knowing the contents of the Statement of Probable Cause for the issuance of the Search Warrant.

221.   Thereafter, on or about October 12, 2021, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, also at the behest of

Defendant IZA, executed the Search Warrant at Plaintiff CHAPELL's residence at 1327 S. Westgate Ave, # 305, Los Angeles, California and on Plaintiff CHAPELL's person; said Search Warrant execution of October 12, 2025 hereinafter being referred to as "THE OCTOBER 12, 2021 INCIDENT".

222.   At the time when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 began the execution of the Search Warrant at Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los Angeles, California, Plaintiff CHAPELL was not home.

223.   When Plaintiff CHAPELL arrived at his home and was met by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, he was then handcuffed and was placed in the back of an unmarked LASD vehicle during the entirety of the search.

224.   Plaintiff CHAPELL was handcuffed for over 2 hours while Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 searched, ransacked and vandalized his home.

225.   Plaintiff CHAPELL was never shown a Search Warrant for him and

COMPLAINT FOR DAMAGES
54

for his home, and he was never given a copy of the Search Warrant.

226.    Plaintiff CHAPELL was also not given a reason by said defendants or by anyone else for the search of his home and of his person

227.    During their search of plaintiff's home Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 ransacked Plaintiff CHAPELL's home, destroyed numerous items of his personal property and threw his belongings into disarray.

228.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 did not locate any fentanyl, cocaine or any other narcotics in Plaintiff CHAPELL's home during the October 12, 2021 raid on his home and search of his person, or anywhere else during THE OCTOBER 12, 2021 INCIDENT.

## V.    ADAM IZA AND DEFENDANTS ENGAGE IN AN ONGOING CRIMINAL ENTERPRISE.

229.    Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 25 were not solely concerned with harming Plaintiff CHAPELL.

230.    As detailed below, Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 engaged in an ongoing criminal enterprise, the objects of which included, but were not limited to: (1) acquiring currency and/or other things of value by way of wire-fraud, mail fraud and other fraudulent activities; (2) acquiring currency and/or other things of value by way of armed robbery or extortion; (3) acquiring currency and/or other things of value by way of unauthorized access to computer devices; (4) robbing, extorting, and/or kidnapping Defendant IZA's personal adversaries; (5) interfering with the legitimate business activities of Defendant IZA's personal adversaries; and (6) bribing public officials to commit unlawful acts, including robbery, extortion, kidnapping, and obstruction of justice.

231.    For purposes of this pleading, the aforementioned ongoing criminal enterprise involving Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, RISE, DREAM, ATLAS, SAAVEDRA & ASSOCIATES LLC, and/or DOES 1 through 20, inclusive, hereinafter referred to as the "IZA ENTERPRISE."

232.    On or about October 21, 2021, in furtherance of the IZA

COMPLAINT FOR DAMAGES
56

ENTERPRISE, Defendant IZA caused a person with whom defendant IZA had a business dispute, known by the initials "L.A.," to visit IZA's residence in the Bel Air neighborhood of Los Angeles, where Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, were present.

233.    There, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, held L.A. at gunpoint and threatened to harm L.A. unless L.A. paid Defendant IZA substantial sums of money.

234.    As a result of being held at gunpoint by Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, were present, L.A. transferred approximately $127,000.00 to the bank account of Defendants IZA, AU, ZORT, DREAM, and/or RISE.

235.    On November 1, 2021, in furtherance of the IZA ENTERPRISE, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, robbed and attempted to kidnap one Enzo

COMPLAINT FOR DAMAGES
57

Zelocchi, whom IZA believed held large amounts of cryptocurrency on his electronic devices.

236.    During that incident, Enzo Zelocchi was driving his car in Riverside County, California, with Defendant IZA in the back seat when IZA asked Enzo Zelocchi to stop at a gas station/store for food.

237.    During that stop, an SUV pulled up, and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, exited. Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, approached Enzo Zelocchi with a black, semi-automatic handgun and told him to "get in the car."

238.    Enzo Zelocchi was able to run away and call the police.

239.    A responding Riverside County Sheriff's Department ("RCSD") deputy sheriff interviewed Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, who fabricated a story to make it seem like they were the victims of Enzo Zelocchi.

240.    Defendants IZA and Defendants SAAVEDRA, CADMAN, McGEE,

COMPLAINT FOR DAMAGES
58

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, were then released.

241.    In or around late 2021 Defendant IZA continued to engage Defendant SAAVEDRA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, regarding Enzo Zelocchi.

242.    Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, learned that Defendant IZA wanted to obtain a laptop from Enzo Zelocchi's rightful possession so that he could access and convert the cryptocurrency on it.

243.    At IZA's direction, in furtherance of the IZA ENTERPRISE, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, used computer/data LASD resources to obtain a CLETS[33] report on Enzo Zelocchi.

244.    On or around December 2, 2021, Defendants IZA, AU,

---

[33] California Law Enforcement Telecommunications System.

COMPLAINT FOR DAMAGES

59

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, sent text messages to Enzo Zelocchi containing photos of Enzo Zelocchi's CLETS report, along with a LASD business card.

245.    Enzo Zelocchi also received similar messages with photographs of his family members and his car.

246.    Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, sent these messages to intimidate Enzo Zelocchi and to extort the laptop computer from his lawful possession.

247.    Also in December, Defendant IZA informed Defendant SAAVEDRA and Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, that he believed Enzo Zelocchi's associate, David Do, may be in possession of Enzo Zelocchi's laptop.

248.    On or about December 15, 2021, in furtherance of IZA ENTERPRISE's ongoing criminal enterprise conduct, Defendants IZA, SAAVEDRA, and CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive,

COMPLAINT FOR DAMAGES
60

traveled to David Do's residence in Orange County, California, to confront David Do.

249.    David Do refused to open the door and spoke to the group (said defendants) through a window.

250.    Defendants SAAVEDRA, and CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, identified themselves as a law enforcement officers, displayed badges, and told David Do that a stolen laptop was pinging at David Do's residence.

251.    David Do denied possessing a stolen laptop, and someone contacted the local police, who arrived soon after.

252.    The local police spoke with David Do and with Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, and those local police officers refused to take any action.

253.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, continued to discuss Enzo Zelocchi and the laptop at various points in time between late 2021 and early 2022.

254.    Defendant IZA told Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, that IZA had engaged a private investigator and had expended large sums of money to locate Enzo Zelocchi and the laptop, without success.

255.    Defendant IZA told Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, that he was frustrated by the lack of progress made by the private investigator.

256.    During one such conversation, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, indicated that they could use their positions as law enforcement officers to obtain a search warrant for GPS location information associated with Enzo Zelocchi's phone.

257.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, told Defendant IZA that the search warrant would enable them to locate Enzo Zelocchi and the laptop.

258.    On or about January 6, 2022, in furtherance of the IZA

COMPLAINT FOR DAMAGES
62

ENTERPRISE's ongoing criminal enterprise and criminal operations, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, applied for and obtained a search warrant from a Los Angeles County Superior Court Judge authorizing law enforcement officers to obtain GPS location information associated with several telephone numbers, including Enzo Zelocchi's cellphone number.

259.   In the sworn Statement of Probable Cause supporting the application for the search warrant for Enzo Zelocchi and his cellphone, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, knowingly falsely stated that Enzo Zelocchi's telephone number was associated with a suspect in a firearms investigation.

260.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, began receiving pings from the service provider for Enzo Zelocchi's cellphone soon after the Judge authorized the illegally obtained search warrant.

261.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

COMPLAINT FOR DAMAGES
63

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, shared the pings identifying the approximate location of Enzo Zelocchi's cellphone with Defendant IZA.

262.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, thereafter set out to locate Enzo Zelocchi using the pings from the service provider.

263.   In or around early January 2022, in furtherance of the IZA ENTERPRISE's ongoing criminal enterprise and criminal conduct, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, traveled to a neighborhood in Los Angeles, California, where GPS location information showed Enzo Zelocchi's cellphone was located.

264.   While searching the area, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, spotted Enzo Zelocchi outside a residence in an apartment complex.

265.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15, inclusive, notified Defendant IZA that they found Enzo Zelocchi and then began to surveil the apartment complex.

266.    Defendant IZA later provided Enzo Zelocchi's address to others, including to the private investigator IZA had engaged to locate Enzo Zelocchi and his laptop.

267.    The private investigator and his team then surveilled Enzo Zelocchi for several months.

268.    On March 12, 2022, in furtherance of IZA ENTERPRISE's ongoing criminal enterprise and criminal conduct, Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, again conspired to rob David Do, whom Defendant IZA still believed was in possession of the laptop computer.

269.    Pursuant to that plan, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, traveled to a location in Orange County, California, where David Do was visiting.

270.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES

DOES 1 through 20, inclusive, also surveilled the location, physically assaulted David Do, and stole a laptop that David Do had in his possession.

271.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, then delivered the now stolen laptop computer to Defendant IZA.

272.    On March 30, 2022, in furtherance of IZA ENTERPRISE's ongoing criminal enterprise and ongoing criminal conduct, and at the direction of Defendant IZA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, attempted a home invasion robbery at Enzo Zelocchi's Los Angeles, California residence.

273.    As Defendants forced the door open, Enzo Zelocchi shot twice in the direction of the suspects.

274.    LAPD responded to Enzo Zelocchi's Los Angeles, California residence, but made no arrests.

275.    Following that incident, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive,

COMPLAINT FOR DAMAGES
66

sent Enzo Zelocchi threatening messages, including a video of the attempted home invasion.

276.    At various points in 2021 and 2022, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, inclusive, in furtherance IZA ENTERPRISE's criminal enterprise and ongoing criminal conduct, stalked, harassed, and attempted to extort one Troy Woody Jr. in order to secure access to large amounts of cryptocurrency, purportedly hosted on Troy Woody Jr.'s laptop.

277.    According to Troy Woody Jr., Defendant IZA previously robbed Troy Woody Jr.'s laptop during a 2018 home invasion in which IZA impersonated an FBI agent.

278.    During this robbery, Defendant IZA stole the laptop containing the cryptocurrency, held Troy Woody Jr. and his girlfriend at gunpoint, and demanded the passwords for the laptop in order to access the cryptocurrency.

279.    Defendant IZA never obtained Troy Woody Jr.'s password.

280.    In or around 2022, Defendant IZA informed Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive,

COMPLAINT FOR DAMAGES
67

that one of Defendant IZA's associates in the Los Angeles, California area (herein "CLIENT 1"), who was involved in stealing large amounts of cryptocurrency, was interested in obtaining private security.

281.   Defendant IZA told Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, inclusive, that they could secure CLIENT 1's business if CLIENT 1 believed that CLIENT 1 had something to worry about.

282.   Defendant IZA told Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 that IZA wanted to scare CLIENT 1 and make CLIENT 1 believe that law enforcement was investigating CLIENT 1.

283.   Defendant IZA asked Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to prepare a fake search warrant naming CLIENT 1, and stating that CLIENT 1 was under investigation.

284.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 agreed to do so.

285.   At Defendant IZA's direction, in furtherance of IZA ENTERPRISE's

COMPLAINT FOR DAMAGES

68

ongoing criminal enterprise and ongoing criminal activities, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 created a fake search warrant using an official LASD template to make it appear legitimate.

286.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 tailored the fake search warrant to scare CLIENT 1 and to make CLIENT 1 believe that CLIENT 1 was under police investigation; referencing, among other things, cryptocurrency and digital devices.

287.    When they completed the fake search warrant, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 delivered it to Defendant IZA so that IZA could present it to CLIENT 1.

288.    Soon thereafter, CLIENT 1 engaged SAAVEDRA & ASSOCIATES LLC to provide security for CLIENT 1.

289.    CLIENT 1 paid Defendant SAAVEDRA and/or SAAVEDRA & ASSOCIATES LLC for security-related services through Defendant IZA, who acted as an intermediary.

290.    Defendants IZA and AU, paid each of Defendants SAAVEDRA,

COMPLAINT FOR DAMAGES
69

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 25 for their contribution to the IZA ENTERPRISE's ongoing criminal enterprise and ongoing criminal conduct, using business entities ZORT, DREAM, and RISE as cover for their transactions.

291.   Defendant AU, in furtherance of the IZA ENTERPRISE's ongoing criminal enterprise and ongoing criminal conduct, at the express direction of Defendant IZA, helped to facilitate payment for LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 for their acts in furtherance of the IZA ENTERPRISE's ongoing criminal enterprise and ongoing criminal conduct.

292.   Defendant AU personally knew each of the defendants employed by Defendants SAAVEDRA and SAAVEDRA & ASSOCIATES LLC, including, Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, and was acutely aware of each and every illegal act they committed in furtherance of the IZA ENTERPRISE's ongoing criminal enterprise and ongoing criminal conduct.

## VI.   SUBSEQUENT EVENTS: ADAM IZA AND LASD

COMPLAINT FOR DAMAGES

70

## DEFENDANTS ARE EVENTUALLY INVESTIGATED AND CHARGED.

293.   Following the aforementioned incidents involving Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, Plaintiff CHAPELL feared for his physical safety if he remained in Los Angeles, California.

294.   Because of his experiences being robbed, falsely arrested/kidnapped, and framed and had his home and his person unlawfully searched and seized by corrupt law enforcement officers[34] at the behest of Defendant IZA, Plaintiff CHAPELL did not trust local Los Angeles law enforcement to faithfully investigate any allegations he made against Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

295.   Plaintiff CHAPELL also feared that if he reported the actions of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

_____

[34] Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15.

COMPLAINT FOR DAMAGES

71

and/or DOES 1 through 20 to Los Angeles/Los Angeles County law enforcement,

that doing so would make him a target for further reprisals by Defendant IZA

and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 20.

296.   As a result the actions of Defendant IZA and/or Defendants AU,

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, Plaintiff

CHAPELL fled the state of California and moved to New York.

297.   While in New York, Plaintiff CHAPELL attempted to report the

actions of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN,

MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,

COBERG and/or DOES 1 through 20 to the United States Department of Justice

Federal Bureau of Investigations ("FBI").

298.   Plaintiff CHAPELL trusted that the FBI would take his allegations

seriously because he was outside of Los Angeles, California, far away from

Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

and/or DOES 1 through 20.

COMPLAINT FOR DAMAGES
72

299.   However, the FBI refused to investigate Plaintiff CHAPELL's report because the conduct that he complained of regarding Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, was outside of their jurisdiction.

300.   In or about February 2022, Plaintiff CHAPELL contacted a Los Angeles Police Department ("LAPD") Detective whom he knew from a prior case in which Plaintiff CHAPELL was also the victim.

301.   Plaintiff CHAPELL believed that this LAPD Detective was an honest law enforcement officer who would faithfully investigate his report regarding the actions of Defendant Adam IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

302.   This LAPD Detective indeed faithfully investigated Plaintiff CHAPELL's report of criminal conduct by said defendants, and worked to further uncover the felonious actions of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

303.   Following a referral from the LAPD, the FBI opened a criminal investigation into the actions of Defendant Adam IZA and Defendants AU,

COMPLAINT FOR DAMAGES

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

304.    Plaintiff CHAPELL met with FBI agents and informed them of the actions of Defendant IZA, as well as the actions of Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

305.    Over several years, Plaintiff CHAPELL assisted the FBI by answering questions and giving them access to any of the documents or information that they requested.

306.    Eventually, in late 2024, the United States Attorney's Office ("USAO") for the Central District of California opened several cases related to the events described above, including *United States of America v. Adam Iza*, United States District Court for the Central District of California Case Number 2-24-cr-00630-PA, *United States of America v. Iris Rabaya Au*, United States District Court for the Central District of California Case Number 2:25-cr-00140-PA, *United States of America v. Eric Chase Saavedra*, United States District Court for the Central District of California Case Number 2-25-cr-00035-PA, *United States of America v. Christopher Michael Cadman*, United States District Court for the Central District of California Case Number 2-25-cr-00583-PA, and *United States of America v. David Anthony Rodriguez*, United States District Court for the

COMPLAINT FOR DAMAGES
74

Central District of California Case Number 2-25-cr-00486.

307.    Plaintiff CHAPELL incorporates by reference the Indictments and Plea Agreements in those aforementioned cases into this pleading.

308.    The USAO has also indicated that investigations into Defendant IZA and his corrupt LASD associates are ongoing.

## CLAIMS ARISING FROM THE AUGUST 16, 2021 INCIDENT

### FIRST CAUSE OF ACTION
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Seizure of Person**
**(By Plaintiff CHAPELL[35] against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

309.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 308, above, as if set forth in full herein.

310.    Defendant IZA hired Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, by and through SAAVEDRA & ASSOCIATES LLC, to perform "security-related" services for IZA knowing that Defendants were all sworn peace officers and active-duty LASD deputy sheriffs.

---

[35] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
75

311.    When Defendant IZA hired Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to perform "security-related" services for him, Defendant IZA intended and expected that Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 would unlawfully, feloniously, tortiously and unconstitutionally seize Defendant IZA's personal adversaries and enemies under color of state law, using official LASD resources, and by showing their official LASD authority, e.g., by displaying official department-issued LASD badges and/or appearing official LASD uniforms.

312.    Defendant IZA intended and expected that when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 physically unlawfully, feloniously, tortiously and unconstitutionally seized his adversaries at his behest under color of state law, they would use all available LASD department resources to ensure that such seizures were unreported, or otherwise treated as lawful.

313.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES

76

DOES 1 through 15 agreed, in exchange for payment of large amounts of money from Defendant IZA, that any physical seizures of persons under color of state law on behalf of Defendant IZA would either be ignored by law enforcement agencies, or would otherwise be treated as lawful exercises of LASD authority.

314.   During THE AUGUST 16, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, displayed their LASD deputy sheriff badges and pointed their firearms at Plaintiff CHAPELL, and refused to allow Plaintiff to leave the residence of Defendant IZA under the implied threat of arrest and or great bodily injury, including the use of deadly force upon him.

315.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, displayed their LASD deputy sheriff badges and pointed their firearms at Plaintiff CHAPELL and refused to allow Plaintiff to leave Defendant IZA's residence, Plaintiff was "seized" by said defendants within the meaning of the Fourth Amendment.

316.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES

77

DOES 1 through 20 seized Plaintiff CHAPELL at the behest of Defendant IZA during THE AUGUST 16, 2021 INCIDENT, they did so without reasonable suspicion or probable cause to believe that Plaintiff CHAPELL had committed a crime, and in the absence of a warrant, valid or otherwise.

317.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 seized Plaintiff CHAPELL at the behest of Defendant IZA during THE AUGUST 16, 2021 INCIDENT, they did so with the intention to extort, rob and steal money from Plaintiff CHAPELL for and for the benefit of Defendant IZA.

318.    Moreover, one or more of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 was/were on-duty during THE AUGUST 16, 2021 INCIDENT.

319.    During the AUGUST 16, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 specifically informed Plaintiff CHAPELL that if he resisted his seizure in any way, that Defendants would use their official LASD authority to construct a false narrative

COMPLAINT FOR DAMAGES
78

about what transpired, and that their actions would be deemed lawful.

320.   Plaintiff CHAPELL understood this to mean that if he resisted being ,

unlawfully, feloniously, tortiously and unconstitutionally seized by said

defendants, that he would be severely beaten or shot, and that Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 would use

their LASD authority to construct a false narrative justifying their uses of force

upon Plaintiff CHAPELL (e.g., that Plaintiff attacked them, etc. and that said

defendants lawfully used force upon him in self-defense and lawfully arrested

him ).

321.   Moreover, when Defendants SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

and/or DOES 1 through 20 seized Plaintiff CHAPELL at the behest of Defendant

IZA during THE AUGUST 16, 2021 INCIDENT, they did so with the intent to

extort, rob and steal money from him, and not for any lawful purpose.

322.   The seizure of Plaintiff CHAPELL by Defendant IZA and

Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

20 was done under color of state law and constituted an unreasonable seizure of

Plaintiff CHAPELL in violation of Plaintiff CHAPELL's Fourth Amendment[36] right to be free from such unlawful, felonious, tortious and unconstitutional seizures.

323.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 are liable to Plaintiff CHAPELL for the aforementioned unconstitutional seizure of his person pursuant to 42 U.S.C. § 1983.

324.    No reasonably well-trained peace officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE AUGUST 16, 2021 INCIDENT would have believed that it was lawful to seize Plaintiff CHAPELL at gunpoint, under official show of LASD authority, in exchange for payment from a private individual such as Defendant IZA; especially in the absence of reasonable suspicion of criminality afoot, in the absence of probable cause to believe that Plaintiff CHAPELL, in the absence of a warrant for Plaintiff CHAPELL's arrest, and for the purpose of robbing/extorting

---

[36] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES
80

and stealing Plaintiff CHAPELL's money.

325.   As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of money on hand and the additional loss of his business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

326.   Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from the unreasonable seizure of his person was malicious, oppressive, and done in reckless disregard of CHAPELL's constitutional rights, sufficient for an award of punitive damages against said defendants, in an amount to be proven at trial, in excess of $50,000,000.00.

**SECOND CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**

COMPLAINT FOR DAMAGES

81

**Unreasonable Force**
**(By Plaintiff CHAPPEL[37] against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

327.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 326, inclusive, as though set forth in full herein.

328.    During THE AUGUST 16, 2021 INCIDENT when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, pointed their firearms at Plaintiff CHAPELL, they did so at close range, and at the direction of Defendant IZA to said defendants to take Plaintiff CHAPELL's money back from him and to give that money to Defendant IZA.

329.    Pointing firearms at close range is considered the threatened use of deadly force that must be justified by objective circumstances.

330.    At all times during THE AUGUST 16, 2021 INCIDENT Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20

---

[37] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

82

outnumbered Plaintiff CHAPELL.

331.   At all times during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL was unarmed.

332.   At all times during the AUGUST 16, 2021 INCIDENT Plaintiff CHAPELL was non-violent, calm, and otherwise posed no threat to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20.

333.   At all times during the AUGUST 16, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 did not suspect Plaintiff CHAPELL of committing any crime.

334.   Moreover, at all times during THE AUGUST 16, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 pointed their guns at Plaintiff CHAPELL to rob/extort and steal his money for Defendant IZA and at Defendant IZA's directions to said defendants to get Plaintiff CHAPELL's money for him, and not for any arguable or colorable law enforcement purpose.

335.   Accordingly, the actions of Defendants SAAVEDRA, CADMAN,

COMPLAINT FOR DAMAGES
83

McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in pointing their firearms at Plaintiff CHAPELL at close range, constituted the use of excessive and unreasonable force upon Plaintiff CHAPPEL, in violation of his Fourth Amendment[38] right to be free from such uses of such excessive/unreasonable force.

336.   Moreover, the actions of Defendant IZA in paying and directing Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 to point their firearms at Plaintiff CHAPELL, as described above, proximately caused the aforementioned violation of Plaintiff CHAPPEL's Fourth Amendment right to be free from excessive and unreasonable force.

337.   Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

338.   No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

---

[38] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

84

QUINTENERO, COBERG and/or DOES 1 through 15 during the AUGUST 16, 2021 INCIDENT would believe it was lawful to point firearms at Plaintiff CHAPELL at close range in exchange for payment from a private individual such as Defendant IZA, especially given that CHAPELL was unarmed, outnumbered, non-violent, and not suspected of committing any crime.

339.    As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss Plaintiff CHAPELL's money on hand, and of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

340.    Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in violating

Plaintiff CHAPELL's Fourth Amendment right to be free from excessive / unreasonable force was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages.

## THIRD CAUSE OF ACTION
**[Under 18 U.S.C. §§ 1962(c) and (d) - The R.I.C.O. Act]**
**Violation of and Conspiracy to Violate R.I.C.O. Act**
**(By Plaintiff CHAPPEL[39] against Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, GARCIA, ZORT, RISE, DREAM, SAAVEDRA & ASSOCIATES LLC, and/or DOES 1 through 25)**

341.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 340, inclusive, as though set forth in full herein.

342.  Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, GARCIA, ZORT, RISE, DREAM, SAAVEDRA & ASSOCIATES LLC, and/or DOES 1 through 25 are all "persons" for purposes of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

343.  The IZA ENTERPRISE was an "enterprise" for purposes of 18 U.S.C. §§ 1961(4) and 1962(c).

---

[39] Individually and on behalf of ANOMA.LA, LLC.

344.    Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, GARCIA, ZORT, RISE, DREAM, SAAVEDRA & ASSOCIATES LLC and/or DOES 1 through 25, in forming the IZA ENTERPRISE, were "associated in fact" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

345.    Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, GARCIA, ZORT, RISE, DREAM, SAAVEDRA & ASSOCIATES LLC, and/or DOES 1 through 25 formed the IZA ENTERPRISE to pursue common purposes of: (1) acquiring currency and/or other things of value by way of mail fraud[40], wire fraud[41] and traditional forms of fraud[42]; (2) acquiring currency and/or other things of value by way of armed robbery[43] or extortion;[44] (3) acquiring currency and/or other things of value by way of unauthorized access to computer devices[45]; (4)

---

[40] 18 U.S.C. § 1341.
[41] 18 U.S.C. § 1343.
[42] Such as violation of Cal. Penal Code §§ 484 and 532.
[43] Such as violation of Cal. Penal Code § 211, robbery.
[44] Such as violation of Cal. Penal Code §§ 518/519, extortion.
[45] Such as violation of Cal. Penal Code § 502(c)(1) that provides:
"(c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense: (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

COMPLAINT FOR DAMAGES

87

robbing[46], extorting[47], and/or kidnapping[48] Defendant IZA's personal adversaries;

(5) interfering with the legitimate business activities of Defendant IZA's personal

adversaries; and (6) bribing public officials to commit unlawful acts[49], including

robbery, extortion, kidnapping, and/or obstruction of justice[50].

346.    Defendants IZA and Defendants IZA, AU, SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG, GARCIA, ZORT, RISE, DREAM, SAAVEDRA &

ASSOCIATES LLC, and/or DOES 1 through 25 were at all times aware of the

essential nature of THE IZA ENTERPRISE and intended to participate in it to

pursue the common purposes of the IZA ENTERPRISE.

347.    Defendants IZA, AU, SAAVEDRA, CADMAN, MCGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, GARCIA,

ZORT, RISE, DREAM, SAAVEDRA & ASSOCIATES LLC, and/or DOES 1

---

[46] Such as violation of Cal. Penal Code § 211, robbery.
[47] Such as violation of Cal. Penal Code §§ 518/519, extortion.
[48] Such as violation of Cal. Penal Code § 207.
"(c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense: (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.
[49] Such as violation of Cal. Penal Code § 67 and 18 U.S.C. § 201.
[50] Such as violation of 18 U.S. Code § 1511.

COMPLAINT FOR DAMAGES
88

through 25, as part of the IZA ENTERPRISE, engaged in numerous acts of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), all of which were part of an ongoing "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5), including, but not limited to wire fraud, extortion, robbery, kidnapping, bribery, accessing computer information to devise scheme to defraud or steal, and obstruction of justice:

    a. **Wire Fraud -18 U.S.C. § 1343, and Unauthorized Access to Computer Data for Purpose of devise or execute any scheme or artifice to defraud, deceive, or extort, or wrongfully control or obtain money - Cal. Penal Code § 502(c)(1).**

        i. Beginning in or about December 2020 and continuing through September 2024, in furtherance of the IZA ENTERPRISE, Defendants IZA, AU, ZORT, DREAM, RISE, and/or ATLAS, devised and executed a continuous scheme by which they would fraudulently sell access to compromised Meta business manager accounts and lines of credit to various advertising companies. Defendants IZA, AU, ZORT, DREAM, RISE, and/or ATLAS would receive payments from these advertising companies via wire transfers into ZORT, DREAM, and RISE bank accounts as well as via cryptocurrency transfers. Defendants' wire fraud scheme against Meta, particularly as to

COMPLAINT FOR DAMAGES

89

Defendants IZA, was the subject of a federal indictment which

resulted in a conviction for wire fraud. *See United States of*

*America v. Adam Iza*, C.D. Cal. 2-24-cr-00630-PA (Doc. 101).

ii. On August 16, 2021, in furtherance of the IZA ENTERPRISE,

Defendant IZA and/or Defendants SAAVEDRA, CADMAN,

McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG and/or DOES 1 through 20 gained

unauthorized access to Plaintiff CHAPELL's business account

by way of armed robbery and wired $25,000.00 to Defendant

ZORT. Between August 16, 2021 through August 24, 2021,

Defendant IZA and/or Defendants AU, SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1

through 20 made numerous additional unauthorized wire

transfers from Plaintiff CHAPELL's business bank account to

Defendant ZORT, all totaling tens of thousands of dollars.

iii. On or about March 9, 2022, in furtherance of the IZA

ENTERPRISE, for purposes of defrauding clients of

Defendants IZA, AU, ZORT, DREAM, RISE, and/or ATLAS,

COMPLAINT FOR DAMAGES
90

Defendant IZA and/or Defendant AU transmitted and caused the transmission of, by means of a wire communication in interstate commerce, a wire transfer in the amount of $37,540 from one of defendant IZA's clients into DREAM's Chase Bank account.

**b. Robbery (Cal. Pen. Code § 211) and Extortion (Cal. Pen. Code §§ 518/519):**

i. On August 16, 2021, in furtherance of the IZA ENTERPRISE, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 robbed Plaintiff CHAPELL inside Defendant IZA's Bel Air residence when they accosted CHAPELL at gunpoint, removed a cellular telephone from CHAPELL's person, then transferred $25,000 from CHAPELL's business bank account to Defendant ZORT's bank account.

ii. On October 21, 2021, in furtherance of the IZA ENTERPRISE, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES

91

DOES 1 through 20 robbed a victim by initials "L.A." inside Defendant IZA's Bel Air residence when IZA lured L.A. to his home, then held him at gunpoint until L.A. transferred $127,000.00 to Defendants IZA, AU, ZORT, DREAM, and/or RISE.

iii. On November 1, 2021, in furtherance of the IZA ENTERPRISE, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 robbed Enzo Zelocchi in Riverside County when they accosted Zelocchi at gunpoint and removed two bags from Zelocchi possession.

iv. On or around December 2, 2021, in furtherance of the IZA ENTERPRISE, Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 attempted to extort Enzo Zelocchi when they sent him threatening text messages containing sensitive PII in an effort to convince Zelocchi to give Defendant IZA a laptop

COMPLAINT FOR DAMAGES
92

computer.

   v.   On or around December 15, 2021, in furtherance of the IZA
        ENTERPRISE, Defendants SAAVEDRA, CADMAN,
        McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,
        QUINTENERO, COBERG and/or DOES 1 through 20
        attempted to rob and/or extort David Do at Do's residence in
        Orange County when they approached Do's home and
        attempted to gain entry by official show of authority, in order
        to take a laptop computer which they believed to be in Do's
        possession.

  vi.   On March 12, 2022, in furtherance of the IZA ENTERPRISE,
        Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,
        RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,
        COBERG and/or DOES 1 through 20 robbed David Do in
        Orange County when they physically assaulted Do and
        removed a laptop computer from Do's person, then delivered
        the stolen laptop computer to Defendant IZA.

 vii.   On or around March 13, 2022, in furtherance of the IZA
        ENTERPRISE, Defendants IZA, AU, SAAVEDRA,

COMPLAINT FOR DAMAGES
93

CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 attempted to extort Enzo Zelocchi when they sent him photographs of his family members, and a message stating "everyone you know," implying that Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 would harm Zelocchi's family members if he did not comply with Defendant IZA's demand for the laptop computer.

viii. On March 30, 2022, in furtherance of the IZA ENTERPRISE, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 attempted to rob Enzo Zelocchi inside Zelocchi's residence in Los Angeles when they attempted to force their way inside of Zelocchi's home in order to take a laptop computer from Zelocchi's possession.

ix. The aforementioned robbery and extortion offenses also constitute violations of 18 U.S.C. § 1951 ("The Hobbs Act"),

COMPLAINT FOR DAMAGES
94

in that they obstructed, delayed, and/or affected legitimate

commerce, including the functioning of Plaintiff CHAPELL's

event planning business, Anoma.la LLC.

c.  **Kidnapping - Cal. Pen. Code § 207(a):**

   i.  On September 27, 2021, in furtherance of the IZA

ENTERPRISE, Defendant IZA and/or Defendants GARCIA,

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 20 kidnapped Plaintiff CHAPELL when they

arrested and handcuffed CHAPELL under color of law, then

transported him to a the LASD Lakewood substation where

they confined him a locked cell for three days.

   ii.  On October, 12, 2021, in furtherance of the IZA

ENTERPRISE, Defendant IZA and/or Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 20 kidnapped Plaintiff CHAPELL when they

arrested and handcuffed CHAPELL under color of law, then

transported him to a police vehicle, where they confined him

COMPLAINT FOR DAMAGES
95

for over two hours.

    iii.  On November 1, 2021, in furtherance of the IZA ENTERPRISE, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, attempted to kidnap Enzo Zelocchi at gunpoint in Riverside County in order to commit a robbery upon Zelocchi.

**d. Bribery (violation of Cal. Penal Code § 67 and 18 U.S.C. § 201) and Unauthorized Access to Computer Data for Purpose of devise or execute any scheme or artifice to defraud, deceive, or extort, or wrongfully control or obtain money - Cal. Penal Code § 502(c)(1).**

    i.  Beginning early 2021, in furtherance of the IZA ENTERPRISE, Defendants IZA and AU, by and through Defendants ZORT, DREAM, and/or RISE, paid Defendant SAAVEDRA, by and through Defendant SAAVEDRA & ASSOCIATES LLC, approximately $100,000 per month in exchange for Defendant SAAVEDRA using his position in LASD to give defendants IZA and AU unlimited access to LASD resources, and assistance with stalking, targeted

COMPLAINT FOR DAMAGES
96

harassment, kidnapping, extortion, and robbery of Defendant

IZA's personal enemies under color of LASD authority.

ii.   Beginning early 2021, in furtherance of the IZA

ENTERPRISE, Defendants IZA and AU, by and through

Defendants ZORT, DREAM, RISE, SAAVEDRA, and/or

SAAVEDRA & ASSOCIATES LLC, paid LASD Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 approximately $750 for each shift they

worked in service of Defendant IZA, during which Defendants

would give defendants IZA and AU unlimited access to LASD

resources, and assistance with stalking, targeted harassment,

kidnapping, extortion, and robbery of Defendant IZA's

personal enemies under color of LASD authority.

iii.   On August 16, 2021, in furtherance of the IZA ENTERPRISE,

and in exchange for payment from Defendants IZA, AU,

ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA &

ASSOCIATES LLC, LASD Defendants SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 arrested and robbed Plaintiff CHAPELL at gunpoint, under color of LASD authority.

iv. On September 27, 2021, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA & ASSOCIATES LLC, LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 arrested Plaintiff CHAPELL under color of LASD authority, and then caused him to be charged with transportation of a controlled substance.

v. On September 27, 2021, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, and/or RISE, Defendant GARCIA falsely told LASD officials that Plaintiff CHAPELL was in possession of controlled substances in order to assist Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,

COMPLAINT FOR DAMAGES
98

COBERG and/or DOES 1 through 15 with manufacturing a pretext for CHAPELL's arrest.

vi.   On or about October 12, 2021, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA & ASSOCIATES LLC, LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 used their official LASD resources to unlawfully obtain a warrant to search Plaintiff CHAPELL's home.

vii.  On October 12, 2021, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA & ASSOCIATES LLC, LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 arrested Plaintiff CHAPELL and searched CHAPELL's residence under color of LASD authority.

COMPLAINT FOR DAMAGES
99

viii. On or about January 6, 2022, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA & ASSOCIATES LLC, LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 applied for and obtained a search warrant using falsified information in order to obtain GPS location information associated with Enzo Zelocchi's telephone number. Using LASD resources and information from the illegally obtained warrant, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 located Zelocchi and relayed that information to Defendant IZA, who in turn used it to orchestrate a home invasion at Zelocchi's residence.

ix. In early 2022, in furtherance of the IZA ENTERPRISE, and in exchange for payment from Defendants IZA, AU, ZORT, DREAM, RISE, SAAVEDRA, and/or SAAVEDRA &

COMPLAINT FOR DAMAGES
100

ASSOCIATES LLC, LASD Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 created a fake search warrant using an official LASD template to scare IZA's client ("Client 1") into hiring SAAVEDRA & ASSOCIATES LLC. Client 1 paid Defendant SAAVEDRA and/or SAAVEDRA & ASSOCIATES LLC for security-related services through Defendant IZA, who acted as an intermediary.

348.    During THE AUGUST 16, 2021 INCIDENT, in furtherance of the IZA ENTERPRISE, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 surrounded Plaintiff CHAPELL at IZA's Los Angeles residence and held him at gunpoint until CHAPELL surrendered his telephone and passwords, which Defendant IZA used to access Plaintiff CHAPELL's business bank account and transfer $25,000 into an account belonging to Defendant ZORT, INC. Defendant IZA kept possession of Plaintiff CHAPELL's phone. In the days following THE AUGUST 16, 2021 INCIDENT, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 made numerous additional transfers amounting to tens of thousands of dollars from Plaintiff CHAPELL's bank accounts into Defendant ZORT and/or IZA's bank account.

349.    As set forth above, during THE AUGUST 16, 2021 INCIDENT, pursuant to their efforts in furtherance of the IZA ENTERPRISE, the racketeering activities of Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, SAAVEDRA & ASSOCATES, DREAM, RISE, and/or DOES 1 through 25 included, but were not limited to:

a.  robbery in violation of Cal. Pen. Code § 211

b.  extortion in violation of Cal. Pen. Code § 518

c.  interference with commerce by threats or violence in violation of 18 U.S.C. § 1951

d.  bribery of an executive officer under Cal. Pen. Code § 67

e.  bribery by an executive officer under Cal. Pen. Code § 68

f.  wire fraud in violation of 18 U.S. Code § 1343

g.  traditional fraud and theft via false pretenses in violation of Cal. Penal Code §§ 484 and 532

COMPLAINT FOR DAMAGES
102

h.  Unauthorized Access to Computer Data for Purpose of devise or execute any scheme or artifice to defraud, deceive, or extort, or wrongfully control or obtain money in violation of Cal. Penal Code § 502(c)(1).

350.  As set forth above, Defendants IZA and/or Defendants AU, SAAVEDRA, SAAVEDRA & ASSOCIATES, ZORT, DREAM, and RISE conducted and/or participated in the IZA ENTERPRISE's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

351.  Moreover, in participating in the IZA ENTERPRISE, Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 25 were aware of the essential nature of the IZA ENTERPRISE and agreed to assist Defendants IZA, AU, SAAVEDRA, SAAVEDRA & ASSOCIATES, ZORT, DREAM, and RISE with conducting the IZA ENTERPRISE's affairs through a pattern of racketeering activity. Thus, Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 25 conspired with Defendants IZA, AU, SAAVEDRA, SAAVEDRA & ASSOCIATES, ZORT, DREAM, and RISE to violate 18 U.S.C. § 1961(c), all in violation of 18 U.S.C. § 1962(d).

COMPLAINT FOR DAMAGES
103

352.    The IZA ENTERPRISE, by and through the racketeering activities of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, SAAVEDRA & ASSOCIATES and/or DOES 1 through 25, affected "interstate or foreign commerce" within the meaning of 18 U.S.C. § 1962(c). As set forth above, the IZA ENTERPRISE caused massive financial harm to Plaintiff CHAPELL and his event planning business, Anoma.la LLC, which was engaged in "interstate commerce" in the states of Arizona, Nevada, and New York, as well as the state of California. Moreover, at all times described above, Defendants IZA, AU, ZORT, DREAM, RISE, and ATLAS financed the IZA ENTERPRISE by a defrauding Meta Platforms, Inc., and Meta's interstate and international customers, thus affecting "interstate of foreign commerce."

353.    As a direct and proximate result of THE AUGUST 16, 2021 INCIDENT and the racketeering activities of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, SAAVEDRA & ASSOCIATES and/or DOES 1 through 25, in furtherance of the IZA ENTERPRISE, Plaintiff CHAPELL was injured in his business or property, in an amount to be proven at trial no less than $50,000.00.

354.    Moreover, by reason of the violations of 18 U.S.C. § 1962 committed by Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, SAAVEDRA & ASSOCIATES and/or DOES 1 through 25, during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL is entitled an award of threefold the damages he sustained, and an award of a reasonable Attorney's Fees.

**FOURTH CAUSE OF ACTION**
**[Under 18 U.S.C. § 1030—The Computer Fraud and Abuse Act]**
**Unauthorized Access to Computer Device**
**(By Plaintiff CHAPPEL[51] against Defendants IZA, AU, SAAVEDRA,**
**CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,**
**QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

355.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 354 as if set forth in full herein.

356.    As set forth above, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally held Plaintiff CHAPELL at gunpoint, demanded

---

[51] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
105

CHAPELL's cellular telephone and passwords/login credentials, then accessed CHAPELL's telephone and business bank account using those passwords and/or login credentials.

357.    When Plaintiff CHAPELL provided his telephone and passwords/login credentials to Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, he did so under threat of extreme physical harm.

358.    Plaintiff CHAPELL's telephone was a "computer" within the meaning of 18 U.S.C. § 1030.

359.    Thus, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally accessed Plaintiff CHAPELL's cellular telephone and bank accounts without lawful authority.

360.    After accessing Plaintiff CHAPELL's cellular telephone and bank accounts without lawful authority during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES
106

DOES 1 through 20 transferred $25,000.00 from Plaintiff CHAPELL's business bank to an account controlled by Defendant IZA. In the days following the AUGUST 16, 2021 INCIDENT, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 made numerous additional transfers from Plaintiff CHAPELL's account to accounts controlled by Defendant IZA, all in amount no less than $25,000.00. The total amount that Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 transferred out of Plaintiff CHAPELL's business bank account is no less that $50,000.00.

361.   The actions of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as set forth above, constitute a violation of 18 U.S.C. § 1030(a)(4) that is civilly actionable under subsections (c)(4)(A)(i)(I) and (g).

362.   As a direct and proximate result of THE AUGUST 16, 2021 INCIDENT and the actions of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

COMPLAINT FOR DAMAGES
107

QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's computer device in violation of 18 U.S.C. § 1030(a)(4), Plaintiff CHAPELL was injured in his property, in an amount to be proven at trial no less than $50,000.00.

### FIFTH CAUSE OF ACTION
### [Cal. Civ. Code § 52.1—The Bane Act]
### Interference With Rights Via Threats, Intimidation, and Coercion
### (By Plaintiff CHAPEL[52] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)

363.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 362, inclusive, as if set forth in full herein.

364.   During THE AUGUST 16, 2021 INCIDENT, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 violated Plaintiff CHAPELL's right to be free from unreasonable seizures of his person under the Fourth Amendment, they did so using threats, intimidation, and coercion.

365.   During THE AUGUST 16, 2021 INCIDENT, when Defendant IZA

---

[52] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

108

and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 violated Plaintiff CHAPELL's right to be free from unreasonable and excessive force under the Fourth Amendment, they did so using threats, intimidation, and coercion.

366.    During the AUGUST 16, 2021 INCIDENT, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 violated Plaintiff CHAPELL's constitutional rights, as set forth above, they did so intentionally, specifically intending to violate Plaintiff CHAPELL's constitutional rights.

367.    The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in intentionally violating Plaintiff CHAPELL's constitutional rights during THE AUGUST 16, 2021 INCIDENT using threats, intimidation, and coercion constitutes a violation of Cal. Civ. Code § 52.1.

368.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES
109

DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to violation of Cal. Civ. Code § 52.1 and Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

369.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Civ. Code § 52.1 and Cal. Gov't Code §§ 815.2, 820 and otherwise pursuant to the common-law for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in the course of and within the scope of their employment with Defendant COUNTY.

370.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in violating Plaintiff CHAPELL's constitutional rights during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred Attorney's Fees and other related costs; (4) incurred the loss of personal monies as well as lost business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be

COMPLAINT FOR DAMAGES
110

proven at trial, in excess of $50,000,000.00.

371.    The conduct of Defendant IZA and Defendants SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16,

2021 INCIDENT was a substantial factor in causing the aforementioned harm to

Plaintiff CHAPELL.

372.    Moreover, because of the violations of Cal. Civ. Code § 52.1

committed by Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

and/or DOES 1 through 20 during THE AUGUST 16, 2021 INCIDENT, Plaintiff

CHAPELL is entitled an award of treble damages, save Defendant COUNTY in

an amount in excess of $50,000,000.00.

## SIXTH CAUSE OF ACTION
### [Under Cal. Penal Code § 502—The Comprehensive Computer Data & Access Fraud Act]
### Unauthorized Access to Computer Device
### (By Plaintiff CHAPPEL[53] against Defendants COUNTY, IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)

373.    Plaintiff hereby realleges and incorporates by reference the

---

[53] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

111

allegations set forth in paragraphs 1 through 372 as though set forth in full herein.

374.   As set forth above, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally held Plaintiff CHAPELL at gunpoint, demanded CHAPELL's cellular telephone and passwords/login credentials, then accessed CHAPELL's telephone and business bank account using those passwords and/or login credentials.

375.   Plaintiff CHAPELL's telephone was a "computer" and/or "computer system," and Plaintiff's business bank account was a "computer service," all within the meaning of Cal. Pen. Code § 502.

376.   When Plaintiff CHAPELL provided his telephone and passwords/login credentials to Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, he did so under threat of extreme physical harm, to wit, the threatened use of deadly force upon him by said defendants.

377.   Thus, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

COMPLAINT FOR DAMAGES
112

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally accessed Plaintiff CHAPELL's cellular telephone and bank accounts without Plaintiff CHAPELL's consent[54], and otherwise without lawful authority.

378.    After accessing Plaintiff CHAPELL's cellular telephone and bank accounts without consent or lawful authority during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 transferred $25,000.00 from Plaintiff CHAPELL's business bank account to an account controlled by Defendant IZA.

379.    In the days following THE AUGUST 16, 2021 INCIDENT, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 made numerous additional transfers from Plaintiff CHAPELL's bank account to accounts controlled by Defendant IZA, all in amount in excess of an additional $127,000.00.

380.    The total amount that Defendant IZA and Defendants AU,

---

[54] Pursuant to being threatened with deadly force at gunpoint.

COMPLAINT FOR DAMAGES

113

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 transferred out of Plaintiff CHAPELL's business bank account is no less than $50,000.00.

381.   The actions of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as set forth above, constitute a violation of Cal. Penal Code § 502(c)(1)[55] that is civilly actionable under subsection (e)(1) for violations of Section 502(c)(1)[56].

382.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

_____

[55] Cal. Penal Code § 502(c)(1) provides:
"(c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense: (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data."
[56] Cal. Penal Code § 502(e)(1) provides:
"In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code. (2) In any action brought pursuant to this subdivision the court may award reasonable attorney's fees.

COMPLAINT FOR DAMAGES
114

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

383.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL for said Defendants' violations of Cal. Penal Code § 502(c)(1) pursuant to Cal. Gov't Code §§ 815.2 and 820 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 that were done within the course and scope of their employment with Defendant COUNTY.

384.   As a direct and proximate result of THE AUGUST 16, 2021 INCIDENT and the conduct of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's computer device in violation of Cal. Pen. Code § 502(c)(1), Plaintiff CHAPELL was injured in his personal monies, his business monies and his personal and business property in an amount to be proven at trial no less than $50,000.00, along with physical, mental and emotional injury, pain, suffering and distress suffered by Plaintiff CHAPPEL, in an amount to be determined at trial in excess of $50,000,000.00.

COMPLAINT FOR DAMAGES

385.   The conduct of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's computer device was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

386.   Moreover, when Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 gained unauthorized access to Plaintiff CHAPELL's telephone and business bank account in violation of Cal. Penal Code § 502(c)(1) during THE AUGUST 16, 2021 INCIDENT, they did so maliciously, with intent to oppress, and intent to defraud, all sufficient for an award of punitive or exemplary damages pursuant to Cal. Pen. Code § 501(e)(4) and otherwise pursuant to the common law, in an amount in excess of $50,000,000.00.

## SEVENTH CAUSE OF ACTION
### [Under Cal. Penal Code § 496(c)]
### Receiving Stolen Property
### (By Plaintiff CHAPPEL[57] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

---

[57] Individually and on behalf of ANOMA.LA, LLC.

**QUINTENERO, COBERG, DOES 1 through 20, inclusive)**

387.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 386 as though set forth in full herein.

388.    As set forth above, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally held Plaintiff CHAPELL at gunpoint, demanded CHAPELL's cellular telephone and passwords / login credentials, then accessed CHAPELL's telephone and business bank account using those passwords and/or login credentials in order to transfer money out of CHAPELL's business bank account in an amount no less than $50,000.

389.    As a result of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 holding Plaintiff CHAPELL at gunpoint and demanding his cellular telephone and passwords / login credentials, Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 received Plaintiff CHAPELL's cellular telephone and passwords / login credentials, and Defendants took possession of CHAPELL's

COMPLAINT FOR DAMAGES
117

money in an amount no less than $50,000.

390.    When Plaintiff CHAPELL provided his telephone and passwords / login credentials to Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, he did so without consenting, under threat of extreme physical harm.

391.    When Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 received Plaintiff CHAPELL's cellular telephone and passwords / login credentials, and then took possession of CHAPELL's money in an amount no less than $127,000.00 that they knew that property had been stolen from Plaintiff CHAPELL via robbery, or otherwise obtained by extortion.

392.    Thus, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 received Plaintiff CHAPELL's cellular telephone and passwords / login credentials, and then took possession of CHAPELL's money in an amount no less than $50,000.00, they received property that had been stolen via robbery, or otherwise obtained by

COMPLAINT FOR DAMAGES
118

extortion in violation of Cal. Pen. Code § 496(a).

393.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in receiving Plaintiff CHAPELL's cellular telephone and passwords / login credentials, and in taking possession of CHAPELL's money in an amount no less than $50,000, is civilly actionable under Cal. Pen. Code § 496(c).

394.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Penal Code § 496(c), Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

395.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code §§ 815.2 and 820 for the acts and omissions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 within the scope of their employment with Defendant COUNTY.

396.   As a direct and proximate result of THE AUGUST 16, 2021 INCIDENT and the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG and/or DOES 1 through 20 in receiving Plaintiff

CHAPELL's stolen / extorted property in violation of Cal. Pen. Code § 496(a),

Plaintiff CHAPELL was injured in his property in an amount to be proven at trial

no less than $50,000.00. The conduct of Defendant IZA and Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 was a

substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

397.    Moreover, by reason of the violations of Cal. Pen. Code § 496(a)

committed by Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

and/or DOES 1 through 20 during the AUGUST 16, 2021 INCIDENT, Plaintiff

CHAPELL is entitled an award of three times the amount of actual damages, in

addition to costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION
### [Under California Law]
### False Arrest / False Imprisonment
### (By Plaintiff CHAPELL[58] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)

398.    Plaintiff hereby realleges and incorporates by reference the

---

[58] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

120

allegations set forth in paragraphs 1 through 397 as though set forth in full herein.

399.   During THE AUGUST 16, 2021 INCIDENT Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, pointed their firearms at Plaintiff CHAPELL and refused to allow Plaintiff to leave the residence of Defendant IZA.

400.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, pointed their firearms at Plaintiff CHAPELL and refused to allow Plaintiff to leave Defendant IZA's residence, Plaintiff was "seized" within the meaning of the Fourth Amendment, and otherwise restrained in his ability to move away from that location by threat of force.

401.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 seized / restrained Plaintiff CHAPELL at the behest of Defendant IZA during THE AUGUST 16, 2021 INCIDENT, they did so without "reasonable suspicion," "probable cause," "reasonable cause," or any other legal privilege or justification.

402.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 seized / restrained Plaintiff CHAPELL at the behest of Defendant IZA during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL remained in IZA's residence against his will.

403.    The conduct of Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 toward Plaintiff CHAPELL, as set forth above, constitutes the tort of false arrest and false imprisonment under California law.

404.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code §§ 820 and 820.4, and otherwise pursuant to the common-law.

405.    Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code §§ 815.2, 820 and 820.4 for the false arrest / false imprisonment of Plaintiff CHAPELL by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as said defendants were acting in course of and within the scope of their employment with Defendant COUNTY.

COMPLAINT FOR DAMAGES
122

406.    As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in falsely arresting / imprisoning Plaintiff CHAPELL during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

407.    Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 during the AUGUST 16, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

408.    Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 falsely arrested /

COMPLAINT FOR DAMAGES
123

imprisoned Plaintiff CHAPELL during THE AUGUST 16, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in an amount in access of $50,000,000.00.

### NINTH CAUSE OF ACTION
**[Under California Law]**
**Assault**
**(By Plaintiff CHAPPEL against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)**

409.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 397 as though set forth in full herein.

410.   During THE AUGUST 16, 2021 INCIDENT Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, pointed their firearms at Plaintiff CHAPELL, held him against his will, and robbed and/or extorted CHAPELL of his personal property under threat of severe bodily harm.

411.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 20, at the behest of Defendant IZA, pointed their firearms at Plaintiff CHAPELL, as described above, it caused Plaintiff CHAPELL to reasonably believe that Defendants would follow through on their threats, i.e. that Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 would shoot and / or severely beat CHAPELL if he did not comply with Defendants' demands.

412.    Moreover, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, at the behest of Defendant IZA, pointing their firearms at Plaintiff CHAPELL placed him in reasonable fear of receiving an imminent violent injury, to wit, getting shot.

413.    Plaintiff CHAPELL did not consent to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 pointing firearms at him.

414.    The conduct of Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 toward Plaintiff CHAPELL, as set forth above, constitutes the tort of assault under California law.

COMPLAINT FOR DAMAGES
125

415.   Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

416.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code §§ 815.2 and 820 for said acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as said actions were done within the course of and the scope of their employment with Defendant COUNTY.

417.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in assaulting Plaintiff CHAPELL during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

COMPLAINT FOR DAMAGES
126

418.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

419.   Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 assaulted Plaintiff CHAPELL during the AUGUST 16, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in an amount to be shown at trial in excess of $50,000,000.00.

**TENTH CAUSE OF ACTION**
**[Under California Law]**
**Trespass to Chattels / Conversion**
**(By Plaintiff CHAPPEL[59] against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)**

---

[59] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

127

420.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 419 as though set forth in full herein.

421.   As set forth above, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally held Plaintiff CHAPELL at gunpoint, demanded CHAPELL's cellular telephone and passwords / login credentials, then accessed CHAPELL's telephone and business bank account using those passwords and/or login credentials in order to take possession of at least $50,000.00 belonging to CHAPELL.

422.   Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, by taking Plaintiff CHAPELL's cellular telephone, passwords / login credentials, and money in an amount no less than $50,000.00, substantially interfered with CHAPELL's use and possession of these items of property.

423.   Plaintiff CHAPELL did not consent to Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

COMPLAINT FOR DAMAGES
128

20 taking possession of CHAPELL's cellular telephone, passwords / login credentials, and money in an amount no less than $50,000.00.

424.   Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 refused to return Plaintiff CHAPELL's property, and thereafter exercised wrongful dominion and control over that property on a permanent basis.

425.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as alleged above in this section, constitutes the tort of trespass to chattels under California law.

426.   Alternatively, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as alleged above in this section, constitutes the tort of conversion under California law.

427.   Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code § 820, and otherwise pursuant to the common-law.

COMPLAINT FOR DAMAGES
129

428.    Defendant COUNTY is vicariously liable to Plaintiff CHAPELL

pursuant to Cal. Gov't Code §§ 815.2 and 820 for the acts and omissions of

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

15 as they were committed within the course and scope of their employment with

Defendant COUNTY.

429.    As a direct and proximate result of the conduct of Defendant IZA and

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

20 in trespassing upon Plaintiff CHAPELL's chattels and/or converting

CHAPELL's property during THE AUGUST 16, 2021 INCIDENT, Plaintiff

CHAPELL: (1) was substantially physically, mentally and emotionally injured,

and suffered great physical, mental and emotional pain and suffering; (2) incurred

medical and psychological costs, bills and expenses; (3) incurred attorney's fees

and other related costs; (4) incurred the loss of business wages and profits; and (5)

incurred other special and general damages and expenses, in an amount to be

proven at trial, in excess of $50,000,000.00.

430.    The conduct of Defendant IZA and Defendants SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16,

COMPLAINT FOR DAMAGES
130

2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

431.   Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 trespassed upon Plaintiff CHAPELL's chattels and/or converted CHAPELL's property during THE AUGUST 16, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, in an amount to be shown at trial in excess of $50,000,000.00.

## ELEVENTH CAUSE OF ACTION
### [Under California Law]
### Intentional Infliction of Emotional Distress
**(By Plaintiff CHAPPEL against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, DOES 1 through 20, inclusive)**

432.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 431 as though set forth in full herein.

433.   As set forth above, during THE AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES

131

DOES 1 through 20 intentionally held Plaintiff CHAPELL at gunpoint, then robbed and/or extorted CHAPELL for his cellular telephone, passwords / login credentials, and money in an amount no less than $50,000.00.

434.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16, 2021 INCIDENT, as set forth above, was outrageous and was not the type of conduct tolerated in a civilized society.

435.   During the AUGUST 16, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intended that their conduct would cause Plaintiff CHAPELL to suffer severe emotional distress, and Plaintiff CHAPELL did in fact suffer severe emotional distress from defendants' conduct.

436.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

437.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code §§ 815.2 and 820 for the acts and omissions of

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 within the scope of their employment with Defendant COUNTY.

438.    As a direct and proximate result of the intentional and outrageous conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

439.    The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 during THE AUGUST 16, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

440.    Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 inflicted emotional

COMPLAINT FOR DAMAGES

133

distress upon Plaintiff CHAPELL during THE AUGUST 16, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, in an amount to be shown at trial in excess of $50,000,000.00.

## CLAIMS ARISING FROM THE SEPTEMBER 27, 2021 INCIDENT

### TWELFTH CAUSE OF ACTION
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Seizure of Person (By Plaintiff CHAPPEL[60] against**
**Defendants COUNTY, IZA, GARCIA, SAAVEDRA, CADMAN, MCGEE,**
**RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,**
**COBERG, and DOES 1 through 15, inclusive)**

441.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 440 as though set forth in full herein.

442.    As set forth above, following THE AUGUST 16, 2021 INCIDENT, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 created a plan under which LASD Defendants would use their law enforcement positions, LASD personnel and LASD resources to unlawfully

---

[60] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

134

arrest Plaintiff CHAPELL and have him falsely charged with a narcotics offense. Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 agreed on the details of this plan and agreed to carry it out.

443.    Defendant GARCIA agreed to assist Defendant IZA and/or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 with their plan.

444.    Pursuant to her plan with Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, Defendant GARCIA contacted Plaintiff CHAPELL, who was in Florida, and persuaded CHAPELL to return to Los Angeles.

445.    Using money provided by Defendant IZA, Defendant GARCIA paid for a flight for Plaintiff CHAPELL to travel from Florida to Los Angeles.

446.    Using money provided by Defendant IZA, Defendant GARCIA bought illegal narcotics, which she then intended to plant in her car for the purpose of framing CHAPELL.

447.    On September 27, 2021, after Plaintiff CHAPELL arrived in Los

COMPLAINT FOR DAMAGES
135

Angeles, Defendant GARCIA arranged to pick up Plaintiff CHAPELL in her vehicle.

448.    Prior to picking up Plaintiff CHAPELL Defendant GARCIA planted illegal drugs in her vehicle.

449.    At all times complained of Defendant GARCIA was in contact with Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 regarding their plan to have Plaintiff CHAPELL arrested for a narcotics offense.

450.    Defendant GARCIA drove Plaintiff CHAPELL to the Paramount area of Los Angeles County, where LASD Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 conducted a traffic stop of Defendant GARCIA's vehicle.

451.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 searched the passenger compartment of GARCIA's vehicle and found the narcotics contraband that had been planted there by Defendant GARCIA, who falsely reported that the narcotics belonged to CHAPELL.

COMPLAINT FOR DAMAGES
136

452.    Pursuant to their plan with Defendants IZA and GARCIA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 then handcuffed and arrested Plaintiff CHAPELL for transportation of controlled substances.

453.    Plaintiff CHAPELL was thereafter held in jail for three days at the LASD Lakewood station.

454.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, handcuffed and arrested

455.    During THE SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPPEL was "seized" and "arrested" within the meaning of the Fourth Amendment.

456.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, seized/arrested Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, they did so knowing that Defendant IZA had paid them to arrest CHAPELL, that they had conspired with Defendant IZA to falsely arrest CHAPELL for a crime that he was framed

for, and that the arrest of CHAPELL was not supported by probable cause to believe CHAPELL had committed any crime.

457.    Specifically, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were aware that the narcotics in Defendant GARCIA's vehicle did not belong to Plaintiff CHAPELL, and that they had been planted there by Defendant GARCIA at the behest of Defendant IZA.

458.    Moreover, when Defendant GARCIA assisted Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, with seizing/falsely arresting Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, she did so knowing that Defendant IZA had paid Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to falsely arrest Plaintiff CHAPELL, that she had conspired with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to falsely arrest CHAPELL, and that narcotics she planted in her vehicle did not belong to Plaintiff CHAPELL.

459.   The seizure/false arrest of Plaintiff CHAPELL by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT, which was done at the behest of Defendant IZA, and with the deliberate assistance of Defendant GARCIA, constituted an unreasonable seizure of CHAPELL's person under color of state law, and a violation of Plaintiff CHAPELL's Fourth Amendment right to be free from such seizures.

460.   Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

461.   No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE SEPTEMBER 27, 2021 INCIDENT would believe it was lawful to arrest Plaintiff CHAPELL for transporting controlled substances where a private individual such as Defendant IZA had paid for the arrest, and the narcotics were planted pursuant to a plan by Defendants IZA, GARCIA, SAAVEDRA, CADMAN, McGEE,

COMPLAINT FOR DAMAGES
139

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to frame CHAPELL for a crime he did not commit.

462.   As a direct and proximate result of Defendant IZA's and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00

463.   Moreover, the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from unreasonable seizures was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages in an amount to be shown at trial in excess of $50,000,000.00.

**THIRTEENTH CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Force**
**(By Plaintiff CHAPPEL against Defendants IZA, SAAVEDRA, CADMAN,**
**MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,**
**QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

464.    Plaintiff hereby realleges and incorporates by reference the

allegations set forth in paragraphs 1 through 463 as though set forth in full herein.

465.    During the SEPTEMBER 27, 2021 INCIDENT, when Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the

behest of Defendant IZA, arrested Plaintiff CHAPELL, they did so by applying

handcuffs to CHAPELL's wrists in an excessively tight manner.

466.    During the SEPTEMBER 27, 2021 INCIDENT, when Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the

behest of Defendant IZA, applied handcuffs to the wrists of Plaintiff CHAPELL,

they tightened the cuffs excessively, causing Plaintiff CHAPELL to experience

great pain.

467.    During THE SEPTEMBER 27, 2021 INCIDENT, Plaintiff

CHAPELL requested that Defendants SAAVEDRA, CADMAN, McGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

COMPLAINT FOR DAMAGES
141

and/or DOES 1 through 15 loosen the handcuffs they had applied to his wrists.

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

15 refused to loosen the cuffs.

468.    Thus, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 were specifically put on notice that they had applied

handcuffs too tightly to Plaintiff CHAPELL's wrists.

469.    Excessively tight handcuffing has long been considered an

unreasonable use of force, with known risks including pain and permanent nerve

damage.

470.    At all times during THE SEPTEMBER 27, 2021 INCIDENT,

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

15 outnumbered Plaintiff CHAPELL.

471.    At all times during THE SEPTEMBER 27, 2021 INCIDENT,

Plaintiff CHAPELL was unarmed.

472.    At all times during THE SEPTEMBER 27, 2021 INCIDENT,

Plaintiff CHAPELL was non-violent, calm, and otherwise posed no threat to

COMPLAINT FOR DAMAGES
142

Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15.

473.    At all times during THE SEPTEMBER 27, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 did not suspect Plaintiff CHAPELL of committing any crime.

474.    At all times during the SEPTEMBER 27, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had no indication that Plaintiff CHAPELL intended to flee.

475.    The actions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in applying handcuffs to Plaintiff CHAPELL's wrists in an excessively tight manner, even though CHAPELL was unarmed, outnumbered, non-violent, not a flight risk, and not suspected of committing any crime, constitute excessive and unreasonable force in violation of Plaintiff CHAPPEL's Fourth Amendment right to be free from such uses of force.

476.    Moreover, the actions of Defendant IZA in paying and directing Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to arrest and handcuff Plaintiff CHAPELL, as described above, proximately caused the aforementioned violation of Plaintiff CHAPPEL's Fourth Amendment right to be free from excessive and unreasonable force.

477.   Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

478.   No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE SEPTEMBER 27, 2021 INCIDENT would believe it was lawful to excessively tighten handcuffs around Plaintiff CHAPELL's wrists in exchange for payment from a private individual such as Defendant IZA, especially given that Plaintiff CHAPELL was unarmed, outnumbered, non-violent, not a flight risk, and not suspected of committing any crime.

479.   As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA's, CADMAN's, McGEE's, RIVERA's, RODRIGUEZ', DUDGEON's, RAWLINGS', QUINTENERO's, COBERG's and/or DOES 1

COMPLAINT FOR DAMAGES
144

through 15's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

480.   Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from excessive / unreasonable force was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages in an amount to be shown at trial in excess of $50,000,000.00.

**FOURTEENTH CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amends. IV and XIV]**
**Malicious Prosecution**
**(By Plaintiff CHAPPEL[61] against Defendants IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

---

[61] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

145

481.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 480 as though set forth in full herein.

482.    Following their arrest of Plaintiff CHAPELL on September 27, 2021, pursuant to their agreement with Defendant IZA, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 drafted police reports and records falsely showing that Plaintiff CHAPELL was transporting controlled substances in violation of Cal. Health & Safety Code § 11379.

483.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, pursuant to their agreement with Defendant IZA, drafted police reports and records that falsely suggesting that Plaintiff CHAPELL was transporting controlled substances in violation of Cal. Health & Safety Code § 11379, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were at all times aware that such allegations against Plaintiff CHAPELL were entirely fabricated, and that Defendant GARCIA had planted drugs in her vehicle pursuant to her agreement with Defendants IZA and/or with Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

COMPLAINT FOR DAMAGES
146

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15.

484.   Defendants failed to disclose that their police reports were fabricated, and failed to disclose the involvement of both Defendant IZA and GARCIA with THE SEPTEMBER 27, 2021 INCIDENT, and otherwise omitted facts that would have caused the Los Angeles District Attorney's Office ("LADA") to refuse the filing the criminal charges against Plaintiff CHAPELL.

485.   When Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, pursuant to their agreement with Defendant IZA, drafted reports and records falsely suggesting that Plaintiff CHAPELL was transporting controlled substances in violation of Cal. Health & Safety Code § 11379, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 did so maliciously, for purpose of causing Plaintiff CHAPELL to be prosecuted for a crime he did not commit.

486.   On the basis of reports and records created by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 regarding THE SEPTEMBER 27, 2021 INCIDENT, the LADA charged Plaintiff

COMPLAINT FOR DAMAGES
147

CHAPELL under Cal. Health & Safety Code § 11379 with transportation of controlled substances.

487.   On January 9, 2022, citing a lack of evidence, the LADA dismissed the charges against Plaintiff CHAPELL.

488.   The actions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in procuring the prosecution of Plaintiff CHAPELL under Cal. Health & Safety Code § 11379 constitute a violation of CHAPELL's Fourth and Fourteenth Amendment right to be free from malicious prosecution.

489.   Moreover, the actions of Defendant IZA in paying and directing Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to procure the prosecution of Plaintiff CHAPELL under Cal. Health & Safety Code § 11379 constitute a violation of CHAPELL's Fourth and Fourteenth Amendment right to be free from a malicious criminal prosecution.

490.   Moreover, the actions of Defendant GARCIA in conspiring with Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES
148

DOES 1 through 15 to procure the false and malicious prosecution of Plaintiff CHAPELL under Cal. Health & Safety Code § 11379 constitute a violation of CHAPELL's Fourth and Fourteenth Amendment right to be free from malicious prosecution.

491.    Defendants IZA, GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

492.    No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT would believe it was lawful to draft reports and records falsely suggesting that Plaintiff CHAPELL was transporting controlled substances in violation of Cal. Health & Safety Code § 11379, all while knowing that such allegations were entirely fabricated at the behest of a private individual such as Defendant IZA, and that Defendant GARCIA had planted drugs in her vehicle pursuant to her agreement with Defendants IZA and/or Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

QUINTENERO, COBERG and/or DOES 1 through 15.

493.   As a direct and proximate result of Defendants IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's violation of Plaintiff CHAPELL's Fourth and Fourteenth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

494.   Moreover, the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth and Fourteenth Amendment rights was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages in an amount to be proven at trial in excess of $50,000,000.00.

COMPLAINT FOR DAMAGES
150

## FIFTEENTH CAUSE OF ACTION
**[Under 18 U.S.C. §§ 1962(c) and (d)—The R.I.C.O. Act]**
**Violation of and Conspiracy to Violate R.I.C.O. Act**
**(By Plaintiff CHAPPEL[62] against Defendants COUNTY, IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and DOES 1 through 25, inclusive)**

495.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 494 as though set forth in full herein.

496.    As set forth supra under Plaintiff CHAPELL's "Third Cause of Action," Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and DOES 1 through 25, inclusive are all "persons" for purposes of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

497.    For purposes of U.S.C. §§ 1961(4) and 1962(c), the IZA ENTERPRISE was an "enterprise" comprised of individuals and companies "associated in fact" to accomplish the common purposes of the IZA ENTERPRISE.

498.    Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE,

---

[62] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

151

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and DOES 1 through 25, inclusive, as part of the IZA ENTERPRISE, engaged in numerous acts of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), all of which were part of an ongoing "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5), including, but not limited to wire fraud, extortion, robbery, theft, kidnapping, bribery, and obstruction of justice. Examples of such racketeering are set forth in detail supra under "Third Cause of Action."

499.   Defendants IZA and/or Defendants AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC conducted and/or participated in the IZA ENTERPRISE's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

500.   In participating in the IZA ENTERPRISE, Defendants GARCIA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 25, inclusive were aware of the essential nature of the IZA ENTERPRISE and agreed to assist Defendants IZA, AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC with conducting the IZA ENTERPRISE's affairs through a pattern of racketeering activity.

COMPLAINT FOR DAMAGES
152

501.   Thus, Defendants GARCIA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 25, inclusive conspired with Defendants IZA, AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC to violate 18 U.S.C. § 1961(c), all in violation of 18 U.S.C. § 1962(d).

502.   As set forth in detail supra under "Third Cause of Action, the IZA ENTERPRISE, by and through the racketeering activities of Defendant IZA and/or Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and DOES 1 through 25 affected "interstate or foreign commerce" within the meaning of 18 U.S.C. § 1962(c).

503.   During THE SEPTEMBER 27, 2021 INCIDENT, in furtherance of the IZA ENTERPRISE, Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20, inclusive conspired to plant drugs in a vehicle carrying Plaintiff CHAPELL, have Plaintiff CHAPELL unlawfully arrested, then have Plaintiff CHAPELL falsely charged with a narcotics offense.

COMPLAINT FOR DAMAGES
153

504.   Pursuant to that plan, Defendant IZA and/or Defendants AU, ZORT, DREAM, and/or RISE paid Defendant GARCIA to plant illegal narcotics in her vehicle, transport Plaintiff CHAPELL to the vicinity of SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, then falsely stated that the narcotics belonged to CHAPELL.

505.   Defendant GARCIA, who maintained constant contact with Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, lured Plaintiff CHAPELL to Los Angeles, picked him up at the airport, then drove him to the Paramount area of Los Angeles County where Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15 initiated a traffic stop.

506.   Pursuant to her agreement with Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, and in furtherance of the IZA ENTERPRISE, Defendant GARCIA told the LASD Defendants that the narcotics in her vehicle belonged to Plaintiff CHAPELL, something that said

COMPLAINT FOR DAMAGES
154

defendants already knew, and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15 nonetheless arrested CHAPELL.

507.    After arresting Plaintiff CHAPELL, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, in furtherance of the IZA ENTERPRISE, transported Plaintiff CHAPELL to the LASD Lakewood station, where he was confined against his will in jail for three days.

508.    While Plaintiff CHAPELL was in jail, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20 accessed Plaintiff CHAPELL's social media, e-mail, banking, business, and other digital accounts, made defamatory posts about Plaintiff CHAPELL's business, then deleted his accounts.

509.    In furtherance of the IZA ENTERPRISE, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15 drafted reports and records falsely suggesting that Plaintiff CHAPELL was transporting controlled substances, and ultimately procured Plaintiff CHAPELL's prosecution under Cal.

COMPLAINT FOR DAMAGES
155

Health & Safety Code § 11379.

510.   As set forth above, during THE SEPTEMBER 27, 2021 INCIDENT, pursuant to their efforts in furtherance of the IZA ENTERPRISE, the racketeering activities of Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20 included, but were not limited to:

a.  robbery in violation of Cal. Pen. Code § 211

b.  extortion in violation of Cal. Pen. Code § 518

c.  interference with commerce by threats or violence in violation of 18 U.S.C. § 1951

d.  bribery of an executive officer under Cal. Pen. Code § 67

e.  bribery by an executive officer under Cal. Pen. Code § 68

f.  wire fraud in violation of 18 U.S. Code § 1343

g.  traditional fraud and theft via false pretenses in violation of Cal. Penal Code §§ 484 and 532

h.  Unauthorized Access to Computer Data for Purpose of devise or execute any scheme or artifice to defraud, deceive, or extort, or wrongfully control or obtain money in violation of Cal. Penal Code § 502(c)(1), and

COMPLAINT FOR DAMAGES
156

i.   bribery of a witness under Cal. Pen. Code § 137

511.   As a direct and proximate result of the SEPTEMBER 27, 2021 INCIDENT and the racketeering activities of Defendant IZA and/or Defendants AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20 in furtherance of the IZA ENTERPRISE, Plaintiff CHAPELL was injured in his business or property in an amount to be proven at trial no less than $1,000,000.00.

512.   While Plaintiff CHAPELL was confined at LASD Lakewood station, he was unable to return business inquiries or fulfill other professional obligations for his event planning business, Anoma.la LLC.

513.   Moreover, Plaintiff CHAPELL was unable to tend to or mitigate the damage Defendant IZA and/or Defendants AU, GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20 caused by accessing his social media and defaming him to prospective clients.

514.   As a result, Plaintiff CHAPELL's business lost current and prospective clients, and suffered irreparable harm to its business reputation in excess of $1,000,000.00.

515.   By reason of the violations of 18 U.S.C. § 1962 committed by Defendant IZA and Defendants AU, GARCIA, SAAVEDRA, CADMAN,

COMPLAINT FOR DAMAGES

MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20 during the SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL is entitled an award of threefold (treble) the damages he sustained, and an award of a reasonable Attorney's Fees.

## SIXTEENTH CAUSE OF ACTION
**[Under 18 U.S.C. § 1030—The Computer Fraud And Abuse Act]**
**Unauthorized Access to Computer Device**
**(By Plaintiff CHAPPEL[63] against Defendants COUNTY, IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

516.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 515 as though set forth in full herein.

517.    While Plaintiff CHAPELL was in jail at the Lakewood station following THE SEPTEMBER 27, 2021 INCIDENT, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally used Plaintiff CHAPELL's phone and login credentials to access Plaintiff's social media, e-mail, banking, business, and other digital accounts.

518.    Plaintiff CHAPELL's telephone was a "computer" within the meaning of 18 U.S.C. § 1030.

---

[63] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

158

519.    When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally used Plaintiff CHAPELL's phone and login credentials to access Plaintiff's social media, e-mail, banking, business, and other digital accounts following the SEPTEMBER 27, 2021 INCIDENT, they did so without Plaintiff CHAPELL's consent.

520.    As an event planner, Plaintiff CHAPELL's social media presence was an essential component of his business. Plaintiff CHAPELL used his social media accounts as a primary means of interacting with the public and connecting with new customers.

521.    To that end, Plaintiff CHAPELL's social media accounts functioned as his résumé in that they contained a record of his professional accomplishments as an event planner. When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 accessed Plaintiff CHAPELL's social media accounts, Plaintiff had approximately 20,000 followers on Instagram alone, including numerous celebrities and notable figures.

522.    When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

COMPLAINT FOR DAMAGES
159

QUINTENERO, COBERG and/or DOES 1 through 20 accessed Plaintiff CHAPELL's Instagram and Facebook accounts, they made numerous defamatory posts about Plaintiff CHAPELL and his business, including posts calling Plaintiff a drug dealer and telling customers not to do business with him.

523.    Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 then deleted Plaintiff CHAPELL's Instagram and Facebook accounts.

524.    Plaintiff's Facebook account was eventually recovered, but his Instagram account was permanently deleted.

525.    Defendants' defamatory posts and deletion of Plaintiff CHAPELL's social media accounts caused Plaintiff CHAPELL's business to lose current and prospective clients, and caused irreparable harm to its business reputation.

526.    The actions of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as set forth above, constitute a violation of 18 U.S.C. § 1030(a)(4) that is civilly actionable under subsections (c)(4)(A)(i)(I) and (g).

COMPLAINT FOR DAMAGES
160

527.    As a direct and proximate result of the actions of Defendant IZA and Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's phone and social media accounts in violation of 18 U.S.C. § 1030(a)(4), Plaintiff CHAPELL was injured in his business and property, in an amount to be proven at trial no less than $1,000,000.

528.    Moreover, the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 was malicious, oppressive, and showed reckless indifference to Plaintiff CHAPELL's federal statutory rights, sufficient for an award of punitive damages in an amount to be proven at trial in excess of $10,000,000.00.

## SEVENTEENTH CAUSE OF ACTION
### [Cal. Civ. Code § 52.1—The Bane Act]
### Interference With Rights Via Threats, Intimidation, and Coercion
### (By Plaintiff CHAPPEL[64] against Defendants COUNTY, IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)

---

[64] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

161

529.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 528 as though set forth in full herein.

530.    During THE SEPTEMBER 27, 2021 INCIDENT, when Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's right to be free from unreasonable seizures of his person under the Fourth Amendment, they did so using threats, intimidation, and coercion.

531.    During THE SEPTEMBER 27, 2021 INCIDENT, when Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's right to be free from unreasonable and excessive force under the Fourth Amendment, they did so using threats, intimidation, and coercion.

532.    During THE SEPTEMBER 27, 2021 INCIDENT, when Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's constitutional rights, as set forth above, they did so intentionally, specifically intending to violate Plaintiff

CHAPELL's constitutional rights.

533.   The conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in intentionally violating Plaintiff CHAPELL's constitutional rights during the SEPTEMBER 27, 2021 INCIDENT using threats, intimidation, and coercion constitutes a violation of Cal. Civ. Code § 52.1.

534.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code §§ 815.6, 820, 820.8 and otherwise pursuant to the common-law.

535.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 within the scope of their employment with Defendant COUNTY.

536.   As a direct and proximate result of the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 in violating Plaintiff CHAPELL's constitutional rights during the SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

537.    The conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

538.    Moreover, by reason of the violations of Cal. Civ. Code § 52.1 committed by Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL is entitled an award of treble damages and Attorney's Fees.

COMPLAINT FOR DAMAGES
164

539.    Moreover, the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were done maliciously and showed a reckless indifference to CHAPELL's statutory and constitutional rights, sufficient for an award of punitive damages in an amount to be proven at trial in excess of $50,000,000.00.

### EIGHTEENTH CAUSE OF ACTION
**[Under Cal. Pen. Code § 502—The Comprehensive Computer Data & Access Fraud Act]**
**Unauthorized Access to Computer Device**
**(By Plaintiff CHAPPEL[65] against Defendants COUNTY, IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

540.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 539 as though set forth in full herein.

541.    As set forth above, while Plaintiff CHAPELL was in jail at the Lakewood station following THE SEPTEMBER 27, 2021 INCIDENT, on or about September 27, 2021, Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally used Plaintiff

---

[65] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
165

CHAPELL's phone and login credentials to access Plaintiff's social media, e-mail, banking, business, and other digital accounts.

542.    Plaintiff CHAPELL's telephone was a "computer" and/or "computer system," and Plaintiff's business bank account was a "computer service," all within the meaning of Cal. Penal Code § 502.

543.    When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 intentionally used Plaintiff CHAPELL's phone and login credentials to access Plaintiff's social media, e-mail, banking, business, and other digital accounts following the SEPTEMBER 27, 2021 INCIDENT, they did so without Plaintiff CHAPELL's consent.

544.    As an event planner, Plaintiff CHAPELL's social media presence was an essential component of his business.

545.    Plaintiff CHAPELL used his social media accounts as a primary means of interacting with the public and connecting with new customers. To that end, Plaintiff CHAPELL's social media accounts functioned as his résumé in that they contained a record of his professional accomplishments as an event planner.

546.    When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,

COMPLAINT FOR DAMAGES

QUINTENERO, COBERG and/or DOES 1 through 20 accessed Plaintiff CHAPELL's social media accounts, Plaintiff had approximately 20,000 followers on Instagram alone, including numerous celebrities and notable figures.

547.    When Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 accessed Plaintiff CHAPELL's Instagram and Facebook accounts, they made numerous defamatory posts about Plaintiff CHAPELL and his business, including posts calling Plaintiff a drug dealer and telling customers not to do business with him.

548.    Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 then deleted Plaintiff CHAPELL's Instagram and Facebook accounts.

549.    Plaintiff's Facebook account was eventually recovered, but his Instagram account was permanently deleted.

550.    Defendants' defamatory posts and deletion of Plaintiff CHAPELL's social media accounts caused Plaintiff CHAPELL's business to lose current and prospective clients, and caused irreparable harm to its business reputation.

551.    The actions of Defendant IZA and/or Defendants AU, SAAVEDRA,

CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20, as set forth above, constitute a violation of Cal. Penal Code § 502(c)(1) that is civilly actionable under subsection (e)(1).

552.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

553.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were done within the scope of and in the course of their employment with Defendant COUNTY.

554.   As a direct and proximate result of the actions of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's phone and social media accounts in violation of Cal. Pen. Code § 502(c)(1), Plaintiff CHAPELL was injured in his business and property, in an amount to be

COMPLAINT FOR DAMAGES
168

proven at trial no less than $1,000,000.

555.   The conduct of Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 in gaining unauthorized access to Plaintiff CHAPELL's phone and social media accounts was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

556.   Moreover, when Defendant IZA and/or Defendants AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 20 gaineD unauthorized access to Plaintiff CHAPELL's phone and social media accounts in violation of Cal. Penal Code § 502(c)(1) during the SEPTEMBER 27, 2021 INCIDENT, they did so maliciously, with intent to oppress, and intent to defraud, all sufficient for an award of punitive or exemplary damages pursuant to Cal. Pen. Code § 501(e)(4) in an amount to be shown at trial in excess of $50,000,000.00.

## NINETEENTH CAUSE OF ACTION
### [Under California Law]
### False Arrest / False Imprisonment
**(By Plaintiff CHAPPEL[66] against Defendants COUNTY, IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)**

_____

[66] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

169

557.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 556 as though set forth in full herein.

558.   During THE SEPTEMBER 27, 2021 INCIDENT, Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, caused Plaintiff CHAPELL to be arrested, handcuffed, and transported to the LASD Lakewood station, where he remained confined for three days.

559.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, arrested, handcuffed, and transported Plaintiff CHAPELL to the LASD Lakewood station, Plaintiff was "seized" (falsely arrested) within the meaning of the Fourth Amendment.

560.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 seized / restrained Plaintiff CHAPELL at the behest of Defendant IZA during THE SEPTEMBER 27, 2021 INCIDENT, they did so without "reasonable suspicion," "probable cause," "reasonable cause," or any other legal privilege or justification.

COMPLAINT FOR DAMAGES
170

561.   The conduct of Defendants IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 toward Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, as set forth above, constitutes the tort of false arrest and/or false imprisonment under California law.

562.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code §§ 820, 820.4 and otherwise pursuant to the common-law.

563.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 as the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were done within the course of and the scope of their employment with Defendant COUNTY.

564.   As a direct and proximate result of the conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 in falsely arresting / imprisoning Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

565.    The conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

566.    Moreover, when Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 falsely arrested / imprisoned Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against

Defendants IZA, GARCIA, SAAVEDRA, CADMAN, MCGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15 in an amount to be shown at trial in excess of $50,000,000.00.

## TWENTIETH CAUSE OF ACTION
### [Under California Law]
### Battery
### (By Plaintiff CHAPPEL against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 20, inclusive)

567.    Plaintiff hereby realleges and incorporates by reference the

allegations set forth in paragraphs 1 through 566 as though set forth in full herein.

568.    During THE SEPTEMBER 27, 2021 INCIDENT, Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the

behest of Defendant IZA, physically falsely arrested and handcuffed Plaintiff

CHAPELL, and then transported him to the LASD Lakewood station where they

held him against his will for three days.

569.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

DOES 1 through 15, at the behest of Defendant IZA, physically arrested and

handcuffed Plaintiff CHAPELL, and then transported him to the LASD Lakewood

station, as described above, they made harmful and offensive contact with

COMPLAINT FOR DAMAGES
173

Plaintiff CHAPELL's person.

570.   Moreover, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, physically falsely arrested and handcuffed Plaintiff CHAPELL, they tightened the handcuffs excessively, further causing harmful and offensive contact to Plaintiff CHAPELL's person.

571.   Plaintiff CHAPELL did not consent to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's harmful and offensive contact.

572.   The conduct of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 toward Plaintiff CHAPELL, as set forth above, constitutes battery of Plaintiff CHAPELL under California law.

573.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code §§ 815.6 and 820 and otherwise pursuant to the common-law.

COMPLAINT FOR DAMAGES
174

574.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 that were done in the course of and within the scope of their employment with Defendant COUNTY.

575.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in battering Plaintiff CHAPELL during the SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

576.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER

COMPLAINT FOR DAMAGES
175

27, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

577.    Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 battered Plaintiff CHAPELL during THE SEPTEMBER 27, 2021 INCIDENT, they did so maliciously, with intent to oppress and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in an amount to be determined at trial in excess of $50,000,000.00.

## TWENTY-FIRST CAUSE OF ACTION
### [Under California Law]
### Intentional Infliction of Emotional Distress
### (By Plaintiff CHAPPEL[67] against Defendants COUNTY, IZA, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 20, inclusive)

578.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 577 as though set forth in full herein.

579.    As set forth above, during THE SEPTEMBER 27, 2021 INCIDENT,

---

[67] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

176

Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 intentionally conspired to use their law enforcement/ LASD positions and LASD resources to unlawfully arrest Plaintiff CHAPELL and to have him falsely charged with a narcotics offense.

580.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 co-opted Plaintiff CHAPELL's girlfriend, Defendant GARCIA, by offering her money, and she joined their conspiracy.

581.    On September 27, 2021, after Defendant GARCIA placed illegal narcotics in her vehicle and drove it to the vicinity of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, Defendants handcuffed and arrested Plaintiff CHAPELL for transportation of controlled substances. Plaintiff CHAPELL was held in jail for three days at the LASD Lakewood station and was subsequently falsely and maliciously criminally prosecuted for transportation of narcotics pursuant to Cal. Health & Safety Code § 11379.

582.    The conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

COMPLAINT FOR DAMAGES
177

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE SEPTEMBER 27, 2021 INCIDENT, as set forth above, was outrageous.

583.   During THE SEPTEMBER 27, 2021 INCIDENT, Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 intended that their conduct would cause Plaintiff CHAPELL to suffer severe emotional distress, and Plaintiff CHAPELL did in fact suffer severe emotional distress.

584.   Moreover, Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 knew that Plaintiff CHAPELL was susceptible from suffer severe emotional distress from their actions taken against him shown above, and Plaintiff CHAPPEL did so suffer severe emotional distress from their actions.

585.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

586.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL

COMPLAINT FOR DAMAGES
178

pursuant to Cal. Gov. Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as their actions complained of were done in the course of and within the scope of their employment with Defendant COUNTY.

587.   As a direct and proximate result of the intentional and outrageous conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE SEPTEMBER 27, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

588.   The conduct of Defendant IZA and Defendants GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the SEPTEMBER 27, 2021 INCIDENT was a substantial factor in causing the

aforementioned harm to Plaintiff CHAPELL.

**CLAIMS ARISING FROM THE OCTOBER 12, 2021 INCIDENT**

**TWENTY-SECOND CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Search and Seizure of Property**
**(By Plaintiff CHAPPEL against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

589.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 588 as though set forth in full herein.

590.    Following THE SEPTEMBER 27, 2021 INCIDENT, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 created a plan under which LASD Defendants would unlawfully procure a warrant to search Plaintiff CHAPELL's home and potentially cause him to be falsely charged with another crime.

591.    Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 agreed on the details of this plan and agreed to carry it out.

592.    Pursuant to their plan, in joint and conspiratorial action with Defendant IZA, in October of 2021 Defendants SAAVEDRA, CADMAN,

McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 drafted a Search Warrant Application and a Statement of Probable Cause in Support of that Search Warrant Application that falsely and maliciously alleged that Plaintiff CHAPELL was in possession of large amounts of fentanyl and cocaine, and that Plaintiff CHAPELL was selling fentanyl and cocaine out of his home at 1327 S. Westgate Ave, # 305, Los Angeles, California.

593.    Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 knew that Plaintiff CHAPELL was not in possession of large amounts of fentanyl and cocaine, and that Plaintiff CHAPELL was not selling fentanyl and cocaine out of his home at 1327 S. Westgate Ave, # 305, Los Angeles, California.

594.    Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 also knew that the facts alleged in the Search Warrant Affidavit that Plaintiff CHAPELL was in possession of large amount of fentanyl and cocaine and that he was selling narcotics out of his home, were entirely baseless, and that they were being fabricated on behalf of Defendant IZA to harm

Plaintiff CHAPELL, to harm his reputation and to harm his business.

595.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 also omitted/deliberately failed to disclose in said Search Warrant Affidavit: (a) of their existing relationship with Defendants IZA or SAAVEDRA & ASSOCIATES LLC, that they and SAAVEDRA & ASSOCIATES LLC were on IZA'a payroll, (b) that they had received payments from IZA and/or SAAVEDRA & ASSOCIATES LLC to perform crimes on behalf of IZA, including crimes against Plaintiff CHAPELL, (c) that Defendant IZA facilitated meetings with their "sources" for the information contained in the Statement of Probable Cause for the issuance of the Search Warrant, and that IZA had paid and directed said defendants to falsely procure the issuance of a warrant for the search of Plaintiff CHAPPEL's home and to physically destroy his home, (d) that Defendant IZA had a personal bias against and hatred of Defendant CHAPELL; (e) that Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired with Defendant IZA to, *inter alia*, rob/extort Plaintiff CHAPELL at gunpoint, and that pursuant to that conspiracy with and on behalf of IZA that they did extort and rob Plaintiff CHAPPEL at

COMPLAINT FOR DAMAGES
182

gunpoint, (f) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 continued to steal tens of thousands of dollars from Plaintiff CHAPELL after their gunpoint robbery of him, (g) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired to falsely arrest Plaintiff CHAPELL for a narcotics possession offense, and, that pursuant to that conspiracy that they did have Plaintiff CHAPELL falsely arrested for narcotics possession, (h) that Defendant IZA, via SAAVEDRA & ASSOCIATES LLC, was paying Defendant SAAVEDRA approximately $100,000 per month, and (i) that SAAVEDRA/SAAVEDRA & ASSOCIATES LLC was paying Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 approximately $750.00 per shift for SAAVEDRA/SAAVEDRA & ASSOCIATES LLC to commit crimes for IZA against Plaintiff CHAPELL and against others.

596.   With regard to those material false statement of fact and those material omissions of facts in the Statement of Probable Cause for the application for the search warrant for Plaintiff CHAPELL's home, Defendants SAAVEDRA,

COMPLAINT FOR DAMAGES
183

CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 knew that the facts alleged in the search affidavit[68] were false and misleading, and knew that the omissions from their the search affidavit[69] would have contradicted the existence of Probable Cause for the issuance of the search warrant for Plaintiff CHAPELL's home had they been included in said search affidavit[70], and but for said false statement of material fact and but for said material omissions of fact that the search warrant for Plaintiff CHAPELL's home not have been issued; would not have been signed by a Judge because there would not have been a sufficient legal basis to do so.

597.    Notwithstanding the above and foregoing, pursuant to IZA's directions to said defendants to falsely and maliciously to so obtain a search warrant for Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los Angeles, California in early October of 2021 Applied to the Los Angeles County Superior Court for that search warrant to search Plaintiff CHAPELL's home.

598.    That Application for the Search Warrant for Plaintiff CHAPELL's home by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA,

---

[68] In their Statement of Probable Cause for the application for the search warrant.
[69] In their Statement of Probable Cause for the application for the search warrant.
[70] In their Statement of Probable Cause for the application for the search warrant.

COMPLAINT FOR DAMAGES
184

RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 requested that the Statement of Probable Cause for the issuance of the Search Warrant be sealed, and the Los Angeles County Superior Court Judge who issued the Search Warrant for Plaintiff CHAPELL's home then Sealed the Statement of Probable Cause for the issuance of the Search Warrant.

599. When Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 applied to the Los Angeles Superior Court to seal the Statement of Probable Cause for the issuance of the Search Warrant, they did so with the intention that its contents would remain hidden from Plaintiff CHAPELL, knowing the contents of the Statement of Probable Cause for the issuance of the Search Warrant.

600. The application for the search warrant for the search of Plaintiff CHAPPEL's home and of his person was granted, as was defendants' request to keep the Statement of Probable Cause in Support of the issuance of the search warrant.

601. If the warrant affidavit authored by Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were purged of its

deliberate falsehoods and supplemented with its omissions of material fact, it would clearly demonstrate an absence of probable cause, and no reasonable magistrate would grant such a warrant application.

602.   Thereafter, on or about October 12, 2021, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, also at the behest of Defendant IZA, executed the Search Warrant at Plaintiff CHAPELL's residence at 1327 S. Westgate Ave, # 305, Los Angeles, California and on Plaintiff CHAPELL's person; said Search Warrant execution of October 12, 2025 hereinafter being referred to as "THE OCTOBER 12, 2021 INCIDENT".

603.   At the time when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 began the execution of the Search Warrant at Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los Angeles, California, Plaintiff CHAPELL was not home.

604.   When Plaintiff CHAPELL arrived at his home and was met by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15, he was then handcuffed and was placed in the back of an unmarked LASD

COMPLAINT FOR DAMAGES
186

vehicle during the entirety of the search.

605.   Plaintiff CHAPELL was handcuffed for over 2 hours while Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 searched, ransacked and vandalized his home.

606.   Plaintiff CHAPELL was never shown a Search Warrant for him and for his home, and he was never given a copy of the Search Warrant.

607.   Plaintiff CHAPELL was also not given a reason by said defendants or by anyone else for the search of his home and of his person

608.   During their search of plaintiff's home Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 ransacked Plaintiff CHAPELL's home, destroyed numerous items of his personal property and threw his belongings into disarray.

609.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 did not locate any fentanyl, cocaine or any other narcotics in Plaintiff CHAPELL's home during the October 12, 2021 raid on his home and search of his person, or anywhere else during THE OCTOBER 12, 2021

INCIDENT.

610.    At all times described herein, under the Fourth Amendment, Plaintiff CHAPELL had a reasonable expectation of privacy and a protected property interest in his home (i.e. his "house").

611.    At all times described herein, under the Fourth Amendment, Plaintiff CHAPELL had a protected property interest in his person and in his personal /property belongings (i.e., his "effects").

612.    When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 entered Plaintiff CHAPELL's home pursuant to the invalid warrant, they invaded his Fourth Amendment reasonable expectation of privacy and his protected property interest in his house.

613.    During their search, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 ransacked Plaintiff CHAPELL's home, destroyed numerous items of his personal property and threw his belongings into disarray.

614.    When Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 ransacked Plaintiff CHAPELL's home, destroyed numerous

COMPLAINT FOR DAMAGES
188

items of his personal property, and threw his belongings into disarray, they invaded his protected Fourth Amendment property interest in his effects.

615.   Moreover, defendant also searched Plaintiff CHAPELL's person pursuant to said search warrant, and detained and handcuffed Plaintiff CHAPELL's during the remainder of the search of his home.

616.   Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 never presented Plaintiff CHAPELL with a search warrant during the OCTOBER 12, 2021 INCIDENT, and never provided him a copy at any point afterward. Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 never informed Plaintiff CHAPELL of the warrant's existence or otherwise offered any reason for their search.

617.   The actions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT, which was done at the behest of Defendant IZA, constituted an unreasonable search of Plaintiff CHAPELL's home and an unreasonable seizure of CHAPELL's effects under color of law.

COMPLAINT FOR DAMAGES
189

618.   Thus, Defendants' actions during the OCTOBER 12, 2021 INCIDENT constituted a violation of Plaintiff CHAPELL's Fourth Amendment right to be free from unreasonable searches and seizures of his property.

619.   Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

620.   No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT would believe it was lawful to accept payment from a private individual such as Defendant IZA in exchange for drafting a fabricated, false and misleading search warrant affidavit containing deliberate falsehoods and material omissions of fact regarding Plaintiff CHAPELL, and then rely on the resulting warrant to search and seize Plaintiff CHAPELL's home and effects.

621.   As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's violation of Plaintiff CHAPELL's Fourth Amendment right to be free from unreasonable

COMPLAINT FOR DAMAGES
190

searches and seizures of his person and his real and personal property, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

622.   Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from unreasonable searches and seizures of property was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages in an amount to be determined by a jury in excess of $50,000,000.00.

**TWENTY-THIRD CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Seizure of Person**
**(By Plaintiff CHAPPEL against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, inclusive)**

623.   Plaintiff hereby realleges and incorporates by reference the

COMPLAINT FOR DAMAGES
191

allegations set forth in paragraphs 1 through 622 as though set forth in full herein.

624.   At or around the time when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 executed the invalid search warrant during the OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 arrested and handcuffed Plaintiff CHAPELL, then locked him in the back of an unmarked LASD unit for over 2 hours.

625.   When Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, arrested and handcuffed Plaintiff CHAPELL during the OCTOBER 12, 2021 INCIDENT, Plaintiff was "seized" within the meaning of the Fourth Amendment.

626.   When Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 seized Plaintiff CHAPELL at the behest of Defendant IZA during the OCTOBER 12, 2021 INCIDENT, they did so pursuant to an invalid warrant, and otherwise without reasonable suspicion or probable cause to believe

that Plaintiff CHAPELL had committed a crime.

627.    The seizure of Plaintiff CHAPELL under color of state law by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 at the behest of Defendant IZA constituted an unreasonable seizure of Plaintiff's person in violation of Plaintiff CHAPELL's Fourth Amendment right to be free from such seizures.

628.    Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

629.    No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT would believe it was lawful to seize Plaintiff CHAPELL in reliance on an invalid warrant that was paid for by a private individual such as Defendant IZA.

630.    As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

COMPLAINT FOR DAMAGES
193

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

631.    Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from unreasonable seizures was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages in an amount to be proven at trial in excess of $50,000,000.00.

**TWENTY-FOURTH CAUSE OF ACTION**
**[Under 42 U.S.C. § 1983 and U.S. Const. Amend. IV]**
**Unreasonable Force**
**(By Plaintiff CHAPPEL against Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and DOES 1 through 15, inclusive)**

632.    Plaintiff hereby realleges and incorporates by reference the

COMPLAINT FOR DAMAGES
194

allegations set forth in paragraphs 1 through 622 as though set forth in full herein.

633.   During THE OCTOBER 12, 2021 INCIDENT, when Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, arrested Plaintiff CHAPELL, they did so by applying handcuffs to CHAPELL's wrists.

634.   During THE OCTOBER 12, 2021 INCIDENT, when Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, applied handcuffs to the wrists of Plaintiff CHAPELL, they tightened the cuffs excessively, causing Plaintiff CHAPELL to experience great pain.

635.   During THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL requested that Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 loosen the handcuffs they had applied to his wrists.

636.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 refused to loosen the cuffs.

COMPLAINT FOR DAMAGES
195

637.    Thus, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were specifically put on notice that they had applied handcuffs too tightly to Plaintiff CHAPELL's wrists.

638.    Excessively tight handcuffing has long been considered an unreasonable use of force, with known risks including pain and permanent nerve damage.

639.    At all times during THE OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 outnumbered Plaintiff CHAPELL.

640.    At all times during THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL was unarmed.

641.    At all times during THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL was non-violent, calm, and otherwise posed no threat to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15.

642.    At all times during THE OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ,

COMPLAINT FOR DAMAGES
196

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

15 did not suspect Plaintiff CHAPELL of committing any crime.

643.   At all times during the OCTOBER 12, 2021 INCIDENT, Defendants

SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had no

indication that Plaintiff CHAPELL intended to flee.

644.   The actions of Defendants SAAVEDRA, CADMAN, MCGEE,

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG

and/or DOES 1 through 15 in applying handcuffs to Plaintiff CHAPELL's wrists

in an excessively tight manner, even though CHAPELL was unarmed,

outnumbered, non-violent, not a flight risk, and not suspected of committing any

crime, constitute excessive and unreasonable force in violation of Plaintiff

CHAPPEL's Fourth Amendment right to be free from such uses of force.

645.   Moreover, the actions of Defendant IZA in paying and directing

Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ,

DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through

15 to arrest and handcuff Plaintiff CHAPELL, as described above, proximately

caused the aforementioned violation of Plaintiff CHAPPEL's Fourth Amendment

right to be free from excessive and unreasonable force.

646.   Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL for the aforementioned constitutional violation pursuant to 42 U.S.C. § 1983.

647.   No reasonable officer in the position of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT would believe it was lawful to excessively tighten handcuffs around Plaintiff CHAPELL's wrists in exchange for payment from a private individual such as Defendant IZA, especially given that CHAPELL was unarmed, outnumbered, non-violent, not a flight risk, and not suspected of committing any crime.

648.   As a direct and proximate result of Defendant IZA's and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's violation of Plaintiff CHAPELL's Fourth Amendment rights, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other

related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

649.   Moreover, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's Fourth Amendment right to be free from excessive / unreasonable force was malicious, oppressive, and showed reckless indifference to CHAPELL's constitutional rights, sufficient for an award of punitive damages against said defendants in an amount to be determined at trial in excess of $50,000,000.00.

### TWENTY-FIFTH CAUSE OF ACTION
**[Under 18 U.S.C. §§ 1962(c) and (d)—The R.I.C.O. Act]**
**Violation of and Conspiracy to Violate R.I.C.O. Act**
**(By Plaintiff CHAPPEL[71] against Defendants COUNTY, IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and DOES 1 through 25, inclusive)**

650.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 649 as though set forth in full herein.

---

[71] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

199

651.   As set forth supra under Plaintiff CHAPELL's "Third Cause of Action," Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and/or DOES 1 through 25, inclusive are all "persons" for purposes of 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

652.   For purposes of U.S.C. §§ 1961(4) and 1962(c), the IZA ENTERPRISE was an "enterprise" comprised of individuals and companies "associated in fact" to accomplish the common purposes of the IZA ENTERPRISE.

653.   Defendants IZA, AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and/or DOES 1 through 25, inclusive, as part of the IZA ENTERPRISE, engaged in numerous acts of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), all of which were part of an ongoing "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5), including, but not limited to wire fraud, extortion, robbery, kidnapping, bribery, and obstruction of justice. Examples of such racketeering are set forth in detail supra under "Third Cause of

COMPLAINT FOR DAMAGES
200

Action."

654.    Defendants IZA and/or Defendants AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC conducted and/or participated in the IZA ENTERPRISE's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

655.    In participating in the IZA ENTERPRISE, Defendants GARCIA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 25 were aware of the essential nature of the IZA ENTERPRISE and agreed to assist IZA, AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC with conducting the IZA ENTERPRISE's affairs through a pattern of racketeering activity.

656.    Thus, Defendants GARCIA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 25 conspired with Defendants IZA, AU, SAAVEDRA, ZORT, DREAM, RISE, ATLAS, and/or SAAVEDRA & ASSOCIATES LLC to violate 18 U.S.C. § 1961(c), all in violation of 18 U.S.C. § 1962(d).

657.    As set forth in detail supra under "Third Cause of Action, the IZA ENTERPRISE, by and through the racketeering activities of Defendant IZA

COMPLAINT FOR DAMAGES
201

and/or Defendants AU, GARCIA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, ZORT, DREAM, RISE, ATLAS, SAAVEDRA & ASSOCIATES LLC and/or DOES 1 through 25, affected "interstate or foreign commerce" within the meaning of 18 U.S.C. § 1962(c).

658.    As shown above, during THE OCTOBER 12, 2021 INCIDENT, in furtherance of the IZA ENTERPRISE, Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 conspired to unlawfully and falsely procure a warrant to search Plaintiff CHAPELL and his home and potentially cause him to be falsely charged with another crime.

659.    Also as shown above, pursuant to their plan with Defendant IZA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 worked jointly and conspiratorially to draft a false and fabricated search warrant Application that falsely alleged that Plaintiff CHAPELL was selling narcotics out of his home, including fentanyl and cocaine at 1327 S. Westgate Ave, # 305, Los Angeles, California.

660.    Also as shown above, Defendants IZA, SAAVEDRA, CADMAN,

McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 knew that Plaintiff CHAPELL was not in possession of large amounts of fentanyl and cocaine, and that Plaintiff CHAPELL was not selling fentanyl and cocaine out of his home at 1327 S. Westgate Ave, # 305, Los Angeles, California.

661.   Also as shown above, Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 also knew that the facts alleged in the Search Warrant Affidavit that Plaintiff CHAPELL was in possession of large amount of fentanyl and cocaine and that he was selling narcotics out of his home, were entirely baseless, and that they were being fabricated on behalf of Defendant IZA to harm Plaintiff CHAPELL, to harm his reputation and to harm his business.

662.   Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 also omitted/deliberately failed to disclose in said Search Warrant Affidavit:

(a) of their existing relationship with Defendants IZA or SAAVEDRA & ASSOCIATES LLC, that they and SAAVEDRA & ASSOCIATES LLC were on IZA'a payroll;

COMPLAINT FOR DAMAGES
203

(b) that they had received payments from IZA and/or SAAVEDRA & ASSOCIATES LLC to perform crimes on behalf of IZA, including crimes against Plaintiff CHAPELL;

(c) that Defendant IZA facilitated meetings with their "sources" for the information contained in the Statement of Probable Cause for the issuance of the Search Warrant, and that IZA had paid and directed said defendants to falsely procure the issuance of a warrant for the search of Plaintiff CHAPPEL's home and to physically destroy his home;

(d) that Defendant IZA had a personal bias against and hatred of Defendant CHAPELL;

(e) that Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired with Defendant IZA to, *inter alia*, rob/extort Plaintiff CHAPELL at gunpoint, and that pursuant to that conspiracy with and on behalf of IZA that they did extort and rob Plaintiff CHAPPEL at gunpoint;

(f) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 continued to steal tens of thousands of dollars

COMPLAINT FOR DAMAGES
204

from Plaintiff CHAPELL after their gunpoint robbery of him;

(g) that IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 had previously conspired to falsely arrest Plaintiff CHAPELL for a narcotics possession offense, and, that pursuant to that conspiracy that they did have Plaintiff CHAPELL falsely arrested for narcotics possession;

(h) that Defendant IZA, via SAAVEDRA & ASSOCIATES LLC, was paying Defendant SAAVEDRA approximately $100,000 per month, and

(i) that SAAVEDRA/SAAVEDRA & ASSOCIATES LLC was paying Defendants CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 approximately $750.00 per shift for SAAVEDRA/SAAVEDRA & ASSOCIATES LLC to commit crimes for IZA against Plaintiff CHAPELL and against others.

663.   Also as shown above, with regard to those material false statement of fact and those material omissions of facts in the Statement of Probable Cause for the application for the search warrant for Plaintiff CHAPELL's home, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON,

COMPLAINT FOR DAMAGES
205

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 knew that the facts alleged in the search affidavit[72] were false and misleading, and knew that the omissions from their the search affidavit[73] would have contradicted the existence of Probable Cause for the issuance of the search warrant for Plaintiff CHAPELL's home had they been included in said search affidavit[74], and but for said false statement of material fact and but for said material omissions of fact that the search warrant for Plaintiff CHAPELL's home not have been issued; would not have been signed by a Judge because there would not have been a sufficient legal basis to do so.

664.   Also as shown above, notwithstanding the above and foregoing, pursuant to IZA's directions to said defendants to falsely and maliciously to so obtain a search warrant for Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los Angeles, California in early October of 2021 Applied to the Los Angeles County Superior Court for that search warrant to search Plaintiff CHAPELL's home.

665.   That Application for the Search Warrant for Plaintiff CHAPELL's

---

[72] In their Statement of Probable Cause for the application for the search warrant.
[73] In their Statement of Probable Cause for the application for the search warrant.
[74] In their Statement of Probable Cause for the application for the search warrant.

home by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 requested that the Statement of Probable Cause for the issuance of the Search Warrant be sealed, and the Los Angeles County Superior Court Judge who issued the Search Warrant for Plaintiff CHAPELL's home then Sealed the Statement of Probable Cause for the issuance of the Search Warrant.

666.    Also as shown above, when Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 applied to the Los Angeles Superior Court to seal the Statement of Probable Cause for the issuance of the Search Warrant, they did so with the intention that its contents would remain hidden from Plaintiff CHAPELL, knowing the contents of the Statement of Probable Cause for the issuance of the Search Warrant.

667.    Also as shown above, the application for the search warrant for the search of Plaintiff CHAPPEL's home and of his person was granted, as was defendants' request to keep the Statement of Probable Cause in Support of the issuance of the search warrant.

668.    Also as shown above, if the warrant affidavit authored by Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON,

RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 were purged of its deliberate falsehoods and supplemented with its omissions of material fact, it would clearly demonstrate an absence of probable cause, and no reasonable magistrate would grant such a warrant application.

669.   Also as shown above, thereafter, on or about October 12, 2021, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, also at the behest of Defendant IZA, executed the Search Warrant at Plaintiff CHAPELL's residence at 1327 S. Westgate Ave, # 305, Los Angeles, California and on Plaintiff CHAPELL's person; said Search Warrant execution of October 12, 2025 hereinafter being referred to as "THE OCTOBER 12, 2021 INCIDENT".

670.   Also as shown above, at the time when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 began the execution of the Search Warrant at Plaintiff CHAPELL's home at 1327 S. Westgate Ave, # 305, Los Angeles, California, Plaintiff CHAPELL was not home.

671.   Also as shown above, when Plaintiff CHAPELL arrived at his home and was met by Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or

DOES 1 through 15, he was then handcuffed and was placed in the back of an unmarked LASD vehicle during the entirety of the search.

672.   Also as shown above, plaintiff CHAPELL was handcuffed for over 2 hours while Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and/or DOES 1 through 15 searched, ransacked and vandalized his home, resulting in great damage to his home and to his personal property.

673.   Also as shown above, plaintiff CHAPELL was never shown a Search Warrant for him and for his home, and he was never given a copy of the Search Warrant.

674.   Also as shown above, during THE OCTOBER 12, 2021 INCIDENT, pursuant to their efforts in furtherance of the IZA ENTERPRISE, the racketeering activities of Defendants IZA, AU, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 included, but were not limited to:

   a.  robbery in violation of Cal. Pen. Code § 211

   b.  extortion in violation of Cal. Pen. Code § 518

   c.  interference with commerce by threats or violence in violation of

      18 U.S.C. § 1951

COMPLAINT FOR DAMAGES
209

d.  bribery of an executive officer under Cal. Pen. Code § 67

e.  bribery by an executive officer under Cal. Pen. Code § 68

f.  wire fraud in violation of 18 U.S. Code § 1343

g.  traditional fraud and theft via false pretenses in violation of Cal. Penal Code §§ 484 and 532

h.  Unauthorized Access to Computer Data for Purpose of devise or execute any scheme or artifice to defraud, deceive, or extort, or wrongfully control or obtain money in violation of Cal. Penal Code § 502(c)(1), and

i.  bribery of a witness under Cal. Pen. Code § 137

j.  kidnapping in violation of Cal. Pen. Code § 207(a)

k.  bribery of an executive officer under Cal. Pen. Code § 67

675.  Also as shown above when Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 arrested Plaintiff CHAPELL and ransacked his home, they destroyed his home office and severely impaired his ability to attend to professional matters related to his event planning business, Anoma.la LLC.

676.  Also as shown above, after being repeatedly targeted by Defendant

COMPLAINT FOR DAMAGES
210

IZA and SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, following THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL was forced, for his own safety, to leave the state of California, and thus became physically separated from the substantial client base he had built in this state.

677.   Also as shown above. as a result of THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL's business lost current and prospective clients, and suffered irreparable harm to its business reputation.

678.   Also as shown above as a direct and proximate result of THE OCTOBER 12, 2021 INCIDENT and the racketeering activities of Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in furtherance of the IZA ENTERPRISE, Plaintiff CHAPELL was injured in his business and his property in an amount to be proven at trial no less than $1,000,000.

679.   Also as shown above, by reason of the violations of 18 U.S.C. § 1962 committed by Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021

COMPLAINT FOR DAMAGES
211

INCIDENT, Plaintiff CHAPELL is entitled an award of threefold the damages he sustained, and an award of a reasonable Attorney's Fees.

## TWENTY-SIXTH CAUSE OF ACTION
### [Cal. Civ. Code § 52.1—The Bane Act]
### Interference With Rights Via Threats, Intimidation, and Coercion
### (By Plaintiff CHAPPEL[75] against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)

680.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 679 as though set forth in full herein.

681.    As shown above, during THE OCTOBER 12, 2021 INCIDENT, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's right to be free from unreasonable seizures of his person under the Fourth Amendment, they did so using threats, intimidation, and coercion.

682.    Also as shown above, during the OCTOBER 12, 2021 INCIDENT, when Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's right to be free from

---

[75] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

212

unreasonable and excessive force under the Fourth Amendment, they did so using threats, intimidation, and coercion.

683.   Also as shown above, during THE OCTOBER 12, 2021 INCIDENT, when Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 violated Plaintiff CHAPELL's constitutional rights, as set forth above, they did so intentionally, specifically intending to violate Plaintiff CHAPELL's constitutional rights.

684.   Also as shown above, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in intentionally violating Plaintiff CHAPELL's constitutional rights during the OCTOBER 12, 2021 INCIDENT using threats, intimidation, and coercion constitutes a violation of Cal. Civ. Code § 52.1.

685.   Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

686.   Also as shown above, Defendant COUNTY is vicariously liable to

COMPLAINT FOR DAMAGES
213

Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as they committed in the course of and within the scope of their employment with Defendant COUNTY.

687.    Also as shown above, as a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in violating Plaintiff CHAPELL's constitutional rights during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

688.    Also as shown above, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE

OCTOBER 12, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

689.    Moreover, by reason of the violations of Cal. Civ. Code § 52.1 committed by Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL is entitled an award of treble damages.

### TWENTY-SEVENTH CAUSE OF ACTION
**[Under California Law]**
**False Arrest / False Imprisonment**
**(By Plaintiff CHAPEL[76] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

690.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 689 as though set forth in full herein.

691.    Also as shown above, during THE OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, arrested, handcuffed, and locked Plaintiff CHAPELL in the back of an LASD patrol vehicle, where he remained confined

---

[76] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
215

for over 2 hours.

692.   Also as shown above, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, seized/arrested, handcuffed, and locked CHAPELL in the back of an LASD patrol vehicle, Plaintiff was "seized" within the meaning of the Fourth Amendment, and otherwise restrained in his ability to move away from that location.

693.   Also as shown above, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 seized / restrained Plaintiff CHAPELL at the behest of Defendant IZA during the OCTOBER 12, 2021 INCIDENT, they did so without "reasonable suspicion," "probable cause," "reasonable cause," or any other legal privilege or justification, and, they did so pursuant to the fabricated search warrant Application obtained by said defendants to search Plaintiff CHAPELL and his home, and to destroy/vandalize his home and destroy his business.

694.   Also as shown above, the conduct of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 toward Plaintiff

COMPLAINT FOR DAMAGES
216

CHAPELL during the OCTOBER 12, 2021 INCIDENT, as set forth above, constituted a false arrest and/or false imprisonment of Plaintiff CHAPELL under California law.

695.   Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820, 820.4 and otherwise pursuant to the common-law.

696.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as they were acting in the course of and within the scope of their employment with Defendant COUNTY.

697.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in falsely arresting / falsely imprisoning Plaintiff CHAPELL during THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental

COMPLAINT FOR DAMAGES
217

and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

698.    The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

699.    Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 falsely arrested / imprisoned Plaintiff CHAPELL during THE OCTOBER 12, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in an amount to be determined at trial in excess of $50,000,000.00.

COMPLAINT FOR DAMAGES
218

## TWENTY-EIGHTH CAUSE OF ACTION
### [Under California Law]
### Battery
**(By Plaintiff CHAPPEL[77] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

700.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 699 as though set forth in full herein.

701.   As shown above, during THE OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, physically seized/arrested and handcuffed Plaintiff CHAPELL, then locked him in the back of a LASD patrol vehicle against his will for over 2 hours.

702.   Also as shown above, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, physically arrested and handcuffed Plaintiff CHAPELL, then locked him in a LASD vehicle, as described above, they made harmful and offensive contact with Plaintiff CHAPELL's person.

_____

[77] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES

219

703.    Also as shown above, moreover, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, physically seized/arrested and handcuffed Plaintiff CHAPELL during the OCTOBER 12, 2021 INCIDENT, they tightened the handcuffs excessively, further causing harmful and offensive contact to Plaintiff CHAPELL's person.

704.    Also as shown above, plaintiff CHAPELL did not consent to Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15's harmful and offensive contact.

705.    Also as shown above, the conduct of Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 toward Plaintiff CHAPELL during the OCTOBER 12, 2021 INCIDENT, as set forth above, constituted a battery of Plaintiff CHAPELL under California law.

706.    Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

COMPLAINT FOR DAMAGES
220

707.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov. Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as their actions were done in the course of and within the scope of their employment with Defendant COUNTY.

708.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in battering Plaintiff CHAPELL during THE OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

709.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12,

COMPLAINT FOR DAMAGES
221

2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

710.    Moreover, when Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 battered Plaintiff CHAPELL during the OCTOBER 12, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in an amount to be proven at trial in excess of $50,000,000.00.

### TWENTY-NINTH CAUSE OF ACTION
**[Under California Law]**
**Trespass to Real Property**
**(By Plaintiff CHAPPEL[78] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

711.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 710 as though set forth in full herein.

712.    As shown above, at all times during THE OCTOBER 12, 2021

---

[78] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
222

INCIDENT, Plaintiff CHAPELL leased his home and had a property interest therein.

713.   Also as shown above, during THE OCTOBER 12, 2021 INCIDENT, in reliance on an unlawful warrant, and at the behest of Defendant IZA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 intentionally entered into Plaintiff CHAPELL's home.

714.   Also as shown above, during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL did not give permission or consent for Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 to enter his home.

715.   Also as shown above, during THE OCTOBER 12, 2021 INCIDENT, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 entered Plaintiff CHAPELL's home, they lacked any legal justification for obtaining a warrant to have entered and searched Plaintiff CHAPELL's home.

716.   Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,

COBERG and/or DOES 1 through 15 obtained the search warrant to have entered and searched Plaintiff CHAPELL's home via a fabricated, false and misleading Application for that search warrant, and did so at the direction of Defendant IZA, to destroy Plaintiff CHAPELL's business, his house, his belongings, and his mental and emotional well-being.

717.   Also as shown above, the conduct of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during THE OCTOBER 12, 2021 INCIDENT constitutes a trespass to land/trespass to real property, and trespass to private residence, and a trespass to personal property under California law.

718.   Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

719.   Also as shown above, Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or

COMPLAINT FOR DAMAGES
224

DOES 1 through 15 as said defendants' actions were done in the course of and within the scope of their employment with Defendant COUNTY.

720.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred Attorney's Fees and other related costs; (4) incurred the loss of business wages and profits; (5) incurred damages to his real and personal property, and (6) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

721.   The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

722.   Moreover, when Defendants SAAVEDRA, CADMAN, MCGEE,

COMPLAINT FOR DAMAGES
225

RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 trespassed upon and to Plaintiff CHAPELL's real and personal property during THE OCTOBER 12, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in an amount to be proven a trial, in excess of $50,000,000.00.

## THIRTIETH CAUSE OF ACTION
### [Under California Law]
### Trespass to Chattels/Conversion
**(By Plaintiff CHAPPEL[79] against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

723.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 722 as though set forth in full herein.

724.   As set forth above, during THE OCTOBER 12, 2021 INCIDENT, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, intentionally entered Plaintiff CHAPELL's

---

[79] Individually and on behalf of ANOMA.LA, LLC.

COMPLAINT FOR DAMAGES
226

home pursuant to an invalid warrant, ransacked it, destroyed numerous items of CHAPELL's personal property, and threw his belongings into disarray.

725.    Also as shown above, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 ransacked Plaintiff CHAPELL's home, destroyed numerous items of CHAPELL's personal property, and threw his belongings into disarray, they substantially interfered with Plaintiff CHAPELL's use and possession of his personal property.

726.    Also as shown above, plaintiff CHAPELL did not consent to the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in ransacking CHAPELL's home, destroying numerous items of CHAPELL's personal property, and throwing his belongings into disarray

727.    Also as shown above, the conduct of Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, as alleged above in this section, constituted a trespass to Plaintiff's chattels and a conversion of Plaintiff's personal property under California law.

COMPLAINT FOR DAMAGES
227

728.   Defendants IZA, SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

729.   Defendant COUNTY is vicariously liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 within the scope of their employment with Defendant COUNTY.

730.   As a direct and proximate result of the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in trespassing upon Plaintiff CHAPELL's chattels during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; (5) incurred damages to his personal property and (6) incurred other special and general damages and expenses, in an amount to be

COMPLAINT FOR DAMAGES
228

proven at trial, in excess of $50,000,000.00.

731.    The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to Plaintiff CHAPELL.

732.    Moreover, when Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 trespassed and converted Plaintiff CHAPELL's chattels/personal property during THE OCTOBER 12, 2021 INCIDENT, they did so maliciously, with intent to oppress, and/or with intent to defraud, all sufficient for an award of punitive or exemplary damages against Defendants IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 in an amount to be shown at trial in excess of $50,000,000.00.

**THIRTY-FIRST CAUSE OF ACTION**
**[Under California Law]**
**Intentional Infliction of Emotional Distress**
**(By Plaintiff CHAPPEL against Defendants COUNTY, IZA, SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG, and DOES 1 through 15, inclusive)**

733.    Plaintiff hereby realleges and incorporates by reference the

COMPLAINT FOR DAMAGES
229

allegations set forth in paragraphs 1 through 732 as though set forth in full herein.

734.   As set forth above, Defendant IZA and/or Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 conspired to unlawfully procure a warrant to search Plaintiff CHAPELL's home and potentially cause him to be falsely charged with another crime.

735.   Also as shown above pursuant to their plan with Defendant IZA, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 worked jointly and conspiratorially to draft a search warrant Application, falsely alleging that Plaintiff CHAPELL was selling narcotics out of his home, including fentanyl and cocaine.

736.   Also as shown above, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 deliberately failed to disclose their existing relationship with Defendants IZA or SAAVEDRA & ASSOCIATES LLC, or payments received from IZA or SAAVEDRA & ASSOCIATES LLC, and fabricated the allegations that Plaintiff CHAPELL was selling fentanyl and cocaine out of his home in apply for the search warrant for the same.

COMPLAINT FOR DAMAGES
230

737.    Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 filed the affidavit under seal in support of a search warrant application for Plaintiff CHAPELL's home.

738.    Also as shown above, the application was granted. During the OCTOBER 12, 2021, INCIDENT, Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15, at the behest of Defendant IZA, executed this invalid search warrant at Plaintiff CHAPELL's residence and on Plaintiff CHAPELL's person.

739.    Also as shown above, Plaintiff CHAPELL was handcuffed and locked in a LASD patrol car for over 2 hours.

740.    Also as shown above, when Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS,  QUINTENERO, COBERG and/or DOES 1 through 15 entered Plaintiff CHAPELL's home pursuant to that invalid warrant, they ransacked it, destroyed numerous items of his personal property and threw his belongings into disarray.

741.    Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO,

COMPLAINT FOR DAMAGES
231

COBERG and/or DOES 1 through 15 never presented Plaintiff CHAPPEL with a copy of the warrant or even informed him of its existence.

742.    Also as shown above, the conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT, as set forth above, was outrageous and not the type of conduct condoned in a civilized society.

743.    Also as shown above, during the OCTOBER 12, 2021 INCIDENT, Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 knew that Plaintiff was susceptible from suffering severe emotional distress for defendants' conduct, and intended that their conduct would cause Plaintiff CHAPELL to suffer severe emotional distress, and Plaintiff CHAPELL did in fact suffer severe emotional distress.

744.    Also as shown above, Defendants SAAVEDRA, CADMAN, McGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 are liable to Plaintiff CHAPELL pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law.

745.    Defendant COUNTY is vicariously liable to Plaintiff CHAPELL

COMPLAINT FOR DAMAGES
232

pursuant to Cal. Gov't Code § 815.2 for the acts and omissions of Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 as they were acting in the course of and within the scope of their employment with Defendant COUNTY.

746.    As a direct and proximate result of the intentional and outrageous conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT, Plaintiff CHAPELL: (1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; (2) incurred medical and psychological costs, bills and expenses; (3) incurred attorney's fees and other related costs; (4) incurred the loss of business wages and profits; and (5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $50,000,000.00.

747.    The conduct of Defendant IZA and Defendants SAAVEDRA, CADMAN, MCGEE, RIVERA, RODRIGUEZ, DUDGEON, RAWLINGS, QUINTENERO, COBERG and/or DOES 1 through 15 during the OCTOBER 12, 2021 INCIDENT was a substantial factor in causing the aforementioned harm to

COMPLAINT FOR DAMAGES
233

1    Plaintiff CHAPELL.

2         **WHEREFORE**, Plaintiff prays for judgment as follows:

3

4         a)    For a judgment against all defendants for compensatory damages in

5    an amount in excess of $50,000,000.00;

6

7         b)    For a judgment against all defendants for punitive damages, save

8    Defendant COUNTY in an amount in excess of $50,000,000.00;

9

10        c)    For an award of reasonable attorney's fees and costs;

11        d)    For a trial by jury; and

12        e)    For such other and further relief as this honorable court deems just

13   and equitable.

14

15   _____

16        JERRY L. STEERING
         Attorney for plaintiff
17       RYAN KENNETH CHAPELL

18

19

20

21

22

23

24

25

26

27

28                COMPLAINT FOR DAMAGES
                            234